Christian C. NWOKOCHA,
Plaintiff–Appellant,

v.

William J. PERRY, Department of Defense, Defendant–Appellee.

No. 00–3583.

United States Court of Appeals,
Sixth Circuit.

Jan. 26, 2001.

Before BATCHELDER and CLAY, Circuit Judges; POLSTER, District Judge.*

Christian C. Nwokocha, a former Ohio resident proceeding pro se, appeals a district court order dismissing his employment discrimination action brought pursuant to Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e–16, et seq., Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a), et seq., 42 U.S.C. § 1983, and other federal and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Nwokocha sued William Perry, Secretary of the United States Department of Defense ("DOD"), and several "John Doe" defendants in April 1996. Nwokocha was formerly employed by the Defense Finance and Accounting Service in Columbus, Ohio, a division of the DOD. Nwokocha alleged that the DOD failed to accommodate his physical disability and refused to pay the benefits due him after an Equal Opportunity Employment Commission ("EEOC") administrative law judge found in his favor. Perry filed a motion to dismiss for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). The district court dismissed some claims but let others proceed. Perry filed motions to compel discovery in April, July, and October 1999. The district court found Nwokocha in contempt for failing to cooperate with discovery and for bad faith settlement negotiations, and set deadlines for Nwokocha to respond to the discovery requests and to pay a fine. Perry's third motion to compel requested in the alternative that the court dismiss Nwokocha's action for failure to cooperate with discovery. See Fed.R.Civ.P. 37. In March 2000, the district court granted Perry's motion and dismissed Nwokocha's case without prejudice.

In his timely appeal, Nwokocha reasserts the claims from his complaint. He has also filed a motion to expedite the appeal.

■ This court reviews an order dismissing a complaint pursuant to Fed.

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

R.Civ.P. 37(b)(2) for an abuse of discretion. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366–67 (6th Cir.1997). This court considers four factors in assessing the appropriateness of a district court's decision to dismiss a complaint:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon*, 110 F.3d at 366–67 (citations and quotations omitted).

Upon review, we conclude that the district court did not abuse its discretion because all four of the above factors support the district court's decision. *See id.* First, from December 1998 to March 2000, Nwokocha disregarded the district court's discovery orders and Perry's repeated discovery requests. This supports the district court's conclusion that Nwokocha's failure to cooperate in discovery was in bad faith. Second, Perry was prejudiced by Nwokocha's actions because Nwokocha failed to provide relevant information in a usable form. Although Nwokocha filed numerous documents in the district court record concerning his employment and his medical care, these documents were not in any particular order and Nwokocha did not explain how they related to his claims. Third, Nwokocha was warned that failure to cooperate could lead to sanctions, was on notice the court considered his behavior intolerable, and was aware that Perry had moved to dismiss because of Nwokocha's insufficient discovery responses. Fourth, the district court tried the less drastic sanction of holding Nwokocha in contempt and imposing a fine. Moreover, in this case the severity of the sanction of dismissal was mitigated by the fact that the dismissal was without prejudice and thus did not deprive Nwokocha of his day in court. *See Cross v. General Motors Corp.*, 721 F.2d 1152, 1155–56 (8th Cir.1983); *Laclede Gas Co. v. G.W. Warnecke Corp.*, 604 F.2d 561, 566 (8th Cir.1979).

Nwokocha's arguments on appeal are without merit. Although he raises many issues in his opening brief and his reply brief, Nwokocha does not address the factors which led the district court to dismiss his case without prejudice. Accordingly, he has not shown that the district court abused its discretion.

For the foregoing reasons, we deny the motion to expedite and affirm the district court's order dismissing Nwokocha's case without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.