Christian C. NWOKOCHA,
Plaintiff–Appellant,

v.

William J. PERRY, Department of Defense, Defendant–Appellee.

No. 02–4433.

United States Court of Appeals,
Sixth Circuit.

June 20, 2003.

Before NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

### ORDER

Christian C. Nwokocha, a pro se former Ohio resident, appeals a district court judgment that dismissed with prejudice his employment discrimination action brought pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–16, et seq.; Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; the Rehabilitation Act, 29 U.S.C. § 794(a), et seq., and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Nwokocha sued William Perry, former Secretary of the United States Department of Defense, and several "John Doe" defendants in April 1996. Nwokocha is from Nigeria and was formerly employed by the Defense Finance and Accounting Service in Columbus, Ohio, a division of the Department of Defense. Ultimately, Judge Algenon L. Marbley granted Perry's motion to dismiss Nwokocha's action without prejudice for failure to cooperate with discovery, and this court affirmed the district court's judgment. *See Nwokocha v. Perry*, 3 Fed.Appx. 319 (6th Cir.2001).

On March 6, 2001, Nwokocha submitted to the district court a copy of his original employment discrimination complaint, which by order filed on April 30, 2001, Judge Marbley rejected as an improper attempt to resurrect Nwokocha's original action. In July 2001, Nwokocha resubmitted his employment discrimination complaint to the district court with the appropriate filing fee. On September 19, 2001, Judge Marbley directed that the complaint be filed as a new action and instructed Nwokocha to serve a summons and a copy of the complaint as required by Fed. R.Civ.P. 4(i)(1). On October 23, 2001, Chief District Judge Rice, under the caption of plaintiff's original case, granted plaintiff's motion to assign plaintiff's new action to Judge Marbley. On January 14, 2002, the magistrate judge ordered Nwokocha to show cause why he had not completed service of process. After plaintiff responded that he had completed service of process, defendant responded that service of process was not complete because plaintiff did not include a summons when he served copies of his complaint. After plaintiff submitted a reply, Judge Marbley concluded that plaintiff's initial action remains closed, and dismissed plaintiff's new action with prejudice for failure to complete service of process. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that: (1) Judge Marbley's judgment conflicts with Judge Rice's order assigning the case to him under the initial case caption; (2) defense counsel misled the court; (3) Judge Marbley is biased against him; and (4) he properly served the defendant. The government responds that the district court properly dismissed plaintiff's complaint. Upon consideration, we conclude that the district court did not abuse its discretion in dismissing plaintiff's complaint for the reasons stated by the district court in its opinion and order filed September 24, 2002. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir.1994).

Fed.R.Civ.P. 4(m) provides, in pertinent part, as follows:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as

to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996). The rule clearly places the burden of showing good cause on the plaintiff. *Habib,* 15 F.3d at 73.

Here, the district court did not abuse its discretion in dismissing plaintiff's complaint. Although plaintiff contended that he served the government by certified mail, the government responded that it received from plaintiff only two copies of plaintiff's complaint filed in his initial employment discrimination action, unaccompanied by a summons. In his reply, plaintiff asserted only that he twice served copies of the complaint on the government. Moreover, the district court correctly noted that the record contains no indication that plaintiff ever sought or obtained summonses from the court in the proper form required pursuant to Fed.R.Civ.P. 4(a). Under these circumstances, the district court did not abuse its discretion in dismissing plaintiff's complaint.

Finally, plaintiff's remaining claims on appeal lack merit. Although Chief District Judge Rice's October 23, 2001, order was issued under the caption of plaintiff's original case, the order did not authorize plaintiff to reopen the case. Again the order merely granted plaintiff's motion to assign plaintiff's new action to Judge Marbley. Further, plaintiff makes only conclusory assertions that Judge Marbley is biased against him. Plaintiff does not cite any improper antagonism that could constitute grounds for recusal. *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct.

1147, 127 L.Ed.2d 474 (1994). Similarly, plaintiff makes only conclusory allegations that defense counsel acted improperly in this case. Accordingly, plaintiff's remaining claims on appeal lack merit.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.