William HARMON, Plaintiff–Appellant,

v.

CSX TRANSPORTATION, INC., Defendant–Appellee.

No. 96–5207.

United States Court of Appeals, Sixth Circuit.

April 7, 1997.

Rehearing Denied May 9, 1997.

---

5. The majority does not read the complaint this way, but such a claim is implicit in Sutkiewicz's argument.

E.J. Leizerman, Leizerman, Williams & Reynolds, Toledo, OH (argued and briefed), for plaintiff–Appellant.

John Knox Walkup, Wayne L. Robbins, Jr., Gullett, Sanford, Robinson & Martin, Nashville, TN (argued and briefed), for Defendant–Appellee.

Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.

RYAN, Circuit Judge.

William Harmon filed this action against CSX Transportation, Inc., pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, et seq. The district court dismissed Harmon's complaint for failure to prosecute and to comply with an order of the court. Finding no abuse of discretion, we affirm.

## I.

On December 12, 1994, Harmon filed this FELA action seeking damages for an abdominal injury allegedly caused by CSXT's negligence. CSXT answered the complaint and served Harmon with written discovery requests on February 1, 1995.

On April 18, 1995, Harmon submitted answers to CSXT's discovery requests. There is no doubt that Harmon's answers were inadequate and improper. For example, in response to CSXT's request for all documents prepared by any government agency regarding unsafe work conditions at CSXT, Harmon objected that such documents were "attorney work product and/or gathered in anticipation of litigation," and furthermore, that the request was "vague, overbroad, burdensome and oppressive." Similarly, in response to CSXT's request for any documents which might indicate that CSXT failed to provide a safe working environment, Harmon objected that "this request is vague and confusing."

On April 20, 1995, CSXT mailed a letter to Harmon's attorney requesting supplementation of Harmon's April 18 responses. The letter stated that it was "a good faith attempt to resolve a discovery dispute" and made clear to what additional information CSXT believed it was entitled. CSXT requested additional information with regard to all ten of its initial requests for production and with regard to six of 17 initial interrogatories.

On May 10, 1995, CSXT mailed a letter to Harmon's attorney to document its attempt to schedule depositions in compliance with the original pretrial order. CSXT also noted that it had "received no response ... concerning [its] correspondence of April 20" and that it would "have no choice but to file a Motion to Compel" if it was not contacted by May 26, 1995. On May 25, 1995, Harmon's counsel apologized for the delay and requested an extension, until June 2, 1995, to respond to CSXT's request for supplementation. CSXT responded that the extension was "perfectly acceptable." On June 16, 1995, however, having heard nothing further from Harmon, CSXT notified Harmon's counsel that it intended to file a motion to compel on the following Monday, unless it "hear[d] from [Harmon] otherwise." Harmon did not respond to CSXT's June 16 letter.

On June 21, 1995, CSXT filed a motion to compel discovery. CSXT submitted the

foregoing correspondence as evidence that it "attempted to confer with counsel for the Plaintiff in a good faith effort to resolve" the discovery dispute. Harmon did not respond to the motion to compel and he did not provide the requested discovery. On November 2, 1995, the district court entered a revised case management order which, *inter alia*, noted Harmon's failure to respond, granted CSXT's motion to compel, and ordered Harmon to "fully and completely respond to the discovery at issue in that Motion on or before November 10, 1995." Harmon did not comply with this order.

Accordingly, on November 22, 1995, twelve days after the deadline established by the court's order, CSXT filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b)(2), 37(d), and 41(b). CSXT also requested that the court award it costs and attorney fees. On December 5, 1995, Harmon requested an extension, until December 18, 1995, to respond to the motion to dismiss. The district court granted Harmon's request, but Harmon did not file a response on or before December 18, 1995. In fact, Harmon had still not responded when, on January 5, 1996, eighteen days after the extended deadline, the district court dismissed his case with prejudice "for failure to comply with the order of the Court and failure to prosecute."

On January 11, 1996, Harmon filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). In a memorandum in support of the motion, Harmon's counsel explained that

> [w]hen counsel for plaintiff received the court's order compelling discovery, he and his legal assistant began collecting the information sought by defendant. Supplemental answers to defendant's discovery were prepared. Unfortunately, Tracy Joyner, counsel's legal assistant became ill during the middle of December, 1995 and was out of the office sporadically between then and January 8, 1996, when she returned again, full time.... Ms. Joyner believed that the supplemental responses had been served on defendant during her absence and it was not until counsel received the court's order that it was discovered that this was not the case.

> ... Plaintiff has in fact now served his supplemental responses on defendant in the hopes that the court will reconsider its order.

> Counsel candidly concedes that a mistake has been made and assumes full responsibility. However, that mistake should not inure to the detriment of the plaintiff who is blameless.

On January 31, 1996, the district court reconsidered the course of discovery in the case and denied Harmon's Rule 60(b) motion. The district court concluded simply that Harmon's "neglect is inexcusable." On February 12, 1996, Harmon filed a notice of appeal.

## II.

### A.

The burden of the plaintiff's argument is that his attorney's nonfeasance cannot be denied and that he is sorry for it, but that dismissal is an unfair and excessive sanction to visit upon the client for the sins of his attorney.

Subsection (b)(2) of Federal Rule of Civil Procedure 37 provides that

> [i]f a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> ....
>
> (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Federal Rule of Civil Procedure 41(b) provides, in part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."

We review a district court's decision to invoke discovery sanctions for an abuse of discretion. *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988). In assessing a district court's decision to dismiss a complaint, we consider four factors in particular: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or

fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* at 153–55.

In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court affirmed a district court's decision to dismiss a complaint for failure to prosecute. The district court had dismissed the case, *sua sponte*, without notice or hearing, after the plaintiff's attorney failed to appear at a scheduled pretrial conference. *Id.* at 628–29, 82 S.Ct. at 1387–88. The plaintiff's attorney had previously waited 19 months to respond to the defendant's initial interrogatories, had answered those interrogatories only after being threatened with dismissal, and had responded to further interrogatories only after requesting an extension of time. *Id.* at 634 n. 11, 82 S.Ct. at 1391 n. 11. Although the case was six years old at the time of dismissal, the first three years were consumed by the plaintiff's successful challenge to the defendant's motion to dismiss, and, in the fifth year, a trial date was vacated at the defendant's request. *Id.* at 628 n. 2, 82 S.Ct. at 1388 n. 2.

The Supreme Court concluded that the district court had not abused its discretion when it dismissed the plaintiff's complaint. *Id.* at 633, 82 S.Ct. at 1390. The Court explained that "it could reasonably be inferred from his absence, as well as from the drawn-out history of the litigation ..., that petitioner had been deliberately proceeding in dilatory fashion." *Id.* As to the argument that punishment for the sins of the lawyer should not be visited upon the client, the Supreme Court said that

> [t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.

*Id.* at 633–34, 82 S.Ct. at 1390–91. The Court concluded that "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent." *Id.* at 634, 82 S.Ct. at 1390.

Notwithstanding *Link*, "this court, like many others, has been extremely reluctant to uphold the dismissal of a case ... merely to discipline an errant attorney because such a sanction deprives the client of his day in court," *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992), and it has stated that "[d]ismissal is *usually* inappropriate where the neglect is solely the fault of the attorney," *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980) *(per curiam )* (emphasis added). More recently, this court noted that "although the *Link* principle remains valid, *see National Hockey League v. Metro[politan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) ], we have increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client." *Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir.1994).

Accordingly, the *Regional Refuse* factors, set forth above, have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal. With regard to the first factor, this court has stated that "dismissal of an action for an attorney's failure to comply" should only be ordered where there is " 'a clear record of delay or contumacious conduct.' " *Carter*, 636 F.2d at 161 (citation omitted). Similarly, with regard to the third factor, the court has explained that where a plaintiff has not been given notice that dismissal is contemplated, "a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' " *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988) (citation omitted). Finally, with regard to the fourth factor, although it is clear that the failure of the district court to impose or make explicit its consideration of lesser sanctions is not fatal, *see Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990); *Regional Refuse*, 842 F.2d at 155, this

court recently stated that, in the absence of such consideration, and "in the absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice," *Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir.1997).

Clearly it is difficult to define the quantity or quality of the misconduct which may justify dismissal with prejudice as the first and only sanction. This difficulty is no doubt part of the reason that we review a district court's judgment in such cases only for an abuse of discretion. We note, however, that despite this court's reluctance to affirm the harsh sanction of dismissal in cases "where the neglect is solely the fault of the attorney," there should be no doubt that this court cannot require of a district court any greater forbearance than the Supreme Court required in *Link*. That is to say, that whatever this court's "clear record of delay or contumacious conduct" standard demands, it cannot demand that a district court endure greater neglect and insult than that which was sufficient to affirm the district court's exercise of its discretion in *Link*.

■ Mindful, then, of the *Regional Refuse* factors and the Supreme Court's decision in *Link*, we are satisfied that the district court did not abuse its discretion when it dismissed Harmon's complaint for failure to prosecute and to comply with an order of the court. The district court did not order dismissal until nearly a full year after CSXT served Harmon with its original discovery requests. Although this delay does not rival the delay attributed to the plaintiff in *Link*, Harmon's intransigence was equally, if not more, egregious because it was accomplished with disregard for CSXT's persistent requests and with contempt for an order of the court. By way of contrast, in *Link*, "there [was] no indication in the record that the defendant tried to get the interrogatories answered earlier." *Link*, 370 U.S. at 640, 82 S.Ct. at 1394 (Black, J., dissenting).

Harmon failed to respond to the amicable requests of CSXT's counsel, he failed to respond to CSXT's motion to compel, and he failed to comply with the district court's November 2, 1995, order. To make matters worse, Harmon then failed to respond to the motion to dismiss, even after the district court was gracious enough to grant him an extension of time. This record is more than adequate to establish that Harmon's counsel was stubbornly disobedient and willfully contemptuous. It is, in short, a clear record of delay and contumacious conduct.

We have no doubt that CSXT was prejudiced by Harmon's failure to respond to its interrogatories. Not only had CSXT been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation which Harmon was legally obligated to provide. Furthermore, there can be no argument that Harmon was without notice that the district court was contemplating the dismissal of his complaint. CSXT had filed a motion to dismiss and Harmon had requested additional time to respond.

■ We recognize that the district court did not articulate its consideration of lesser sanctions. As we have noted, this shortcoming, if indeed it is one, is not necessarily fatal. That is to say, the district court's consideration or imposition of lesser sanctions is a *factor* in our review, not a *sine qua non* for affirmance. We have never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect, *see, e.g., Buck*, 960 F.2d at 608–09; *Coston v. Detroit Edison Co.*, 789 F.2d 377, 378–79 (6th Cir.1986) (*per curiam*), and, indeed, any such rule would conflict with *Link* and the plain language of Federal Rule of Civil Procedure 37(b)(2). We are loathe to require the district court to incant a litany of the available lesser sanctions. Concomitantly, we do not assume that lesser sanctions were not considered simply because their consideration is not articulated.

Rather, we understand this factor to require particular caution "in the absence of contumacious conduct." *Freeland*, 103 F.3d at 1280. This caution is required because, where the district court has not manifested consideration of less drastic sanctions, it is more difficult, although not impossible, for this court to conclude that the district court

exercised its discretion with appropriate forethought. We indulge the general assumption, however, that federal district judges apply both the law and common sense.

Presented with a record of sufficiently egregious conduct, then, this court need not hesitate to conclude that a district court has not abused its discretion by ordering dismissal as the first and only sanction. We are satisfied that the record in this case documents conduct sufficiently egregious to support the district court's exercise of its discretion, in spite of its failure to expressly consider lesser sanctions.

The line of cases following this court's decision in *Carter* is distinguishable. We note, for example: in *Freeland*, 103 F.3d at 1278, this court found that the plaintiff's attorney's conduct was not contumacious, that the defendant's "attorneys also engaged in dilatory conduct," and that the plaintiff was not adequately warned of the possibility of dismissal; in *Little v. Yeutter*, 984 F.2d 160, 163 (6th Cir.1993), this court found "no evidence which shows that [the plaintiff] failed to adhere to any pre-trial orders"; in *Vinci v. Consolidated Rail Corporation*, 927 F.2d 287, 288 (6th Cir.1991), this court found that the plaintiff had not been given a meaningful warning that dismissal was contemplated and that the defendant had not been prejudiced; in *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir.1985) (emphasis added), this court concluded that "lack of compliance with all of [the district court's] orders *within five days* falls short of establishing a basis for final dismissal"; and in *Carter*, 636 F.2d at 161, there was no finding of prejudice to the defendant who had been "equally dilatory." None of these factors, critical to these decisions, is present in this case.

For all of the foregoing reasons, then, we conclude that the district court did not abuse its discretion when it dismissed Harmon's complaint.

### B.

Harmon's initial brief to this court focused exclusively on his belief that the district court abused its discretion when it dismissed his complaint. In his reply brief, apparently taking his cue from CSXT's brief, Harmon argues additionally that the district court abused its discretion when it denied his Rule 60(b) motion for relief. Assignments of error "raised for the first time in a reply brief are not properly before this court." *United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir.1993).

Even if this assignment of error were properly before this court, it would fail. Harmon himself characterizes his motion for relief as an "explanation, not [an] excuse." We agree with this characterization. Harmon's explanation, even were it to be fully credited, is not capable of establishing that the conduct which prompted the district court to dismiss his complaint was excusable. *See generally Buck*, 960 F.2d 603.

### III.

The judgment of the district court is **AFFIRMED**.