William E. MCKINLEY,
Plaintiff–Appellant,

v.

FORD MOTOR COMPANY,
Defendant–Appellee.

No. 01–3304.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before BOGGS and GILMAN, Circuit Judges;  QUIST, District Judge.*

### ORDER

William E. McKinley, an Ohio resident, appeals pro se a district court order enforcing a settlement agreement entered into between the parties to this diversity employment discrimination action.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R.App. P. 34(a).

McKinley filed a complaint through counsel against defendant, his employer, alleging state law claims of age, sex, and disability discrimination.  The district court referred the dispute to a mediator, and a settlement agreement was reached under which McKinley would waive all claims other than worker's compensation claims in exchange for payment of $1,000. Subsequently, McKinley informed his counsel that he had changed his mind about the settlement, and counsel moved to withdraw.  Defendant moved for enforcement of the settlement agreement. McKinley obtained new counsel, who represented him at a hearing before the district court.  McKinley argued that he was entitled to a recission period on the settlement agreement, or alternatively, that the settlement had been obtained by fraud on defendant's part.  The district court rejected these arguments, enforced the settlement, and dismissed the case.

On appeal, McKinley has abandoned his recission period claim, but reasserts his argument that the settlement agreement should not be binding because defendant fraudulently withheld evidence from him. Accordingly, because McKinley has abandoned his argument that he was entitled to a recission period on the settlement agreement, we need not address this claim. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

McKinley's argument that the settlement was procured by fraud apparently relates only to his claim of disability discrimination.  The facts alleged in support

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

of this claim were that McKinley, who has been employed by defendant since 1968, was sent to a psychiatrist by his employer in May, 1999. In June, he returned to work for one day with authorization from his counselor, an employee of the psychiatrist to whom he had been referred. Defendant called the psychiatrist to verify that McKinley was released to return to work. The psychiatrist stated that the return to work authorization had been issued in error, and sent a new form to defendant indicating that McKinley was not released to return to work. He ultimately was authorized to return to work in November of 1999.

McKinley's argument appears to be that defendant concealed from him information that the psychiatrist had originally agreed with his counselor that he was released to return to work, and had changed his mind following the phone call from defendant. Apparently, McKinley believes that this proves defendant regarded him as disabled, and would have strengthened his position on his disability discrimination claim.

We conclude that McKinley has failed to demonstrate fraud which would justify reopening the settlement agreement. *See Brown v. County of Genesee*, 872 F.2d 169, 174 (6th Cir.1989). It is not at all clear that defendant intentionally withheld any information from McKinley to fraudulently induce him to settle. McKinley alleges that defendant concealed the fact that the psychiatrist had originally signed his return to work permission form. However, McKinley was aware that he was approved to return to work, that defendant called the psychiatrist, and that the return to work authorization was then withdrawn. It has not been shown why the fact that the psychiatrist himself changed his mind on this issue was relevant to whether the defendant regarded McKinley as disabled, or how this information would have altered McKinley's bargaining position in the settlement. Finally, to the extent that McKinley's argument relies on the hearing testimony before the district court, this court cannot rule on the issue because McKinley failed to designate the transcript as part of the record on appeal. *See Turnbull v. Wilcken*, 893 F.2d 256, 258 (10th Cir.1990).

In summary, because McKinley's vague argument is insufficient to demonstrate any fraud on the defendant's part which would justify reopening the settlement agreement, the order enforcing the agreement is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.