**Greg MULLINS, Plaintiff–Appellant,**

v.

**TOYOTA MOTOR MANUFACTURING,**
**Defendant–Appellee.**

No. 01–5600.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2002.

Before KENNEDY and DAUGHTREY, Circuit Judges; BELL, District Judge.*

### ORDER

Greg Mullins, a pro se Kentucky plaintiff, appeals a district court order and judgment granting the defendant's motion for sanctions and dismissing with prejudice his disability discrimination complaint brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

The underlying complaint, consisting of one page, requested $25 million in damages after asserting, "As a result of the defendant's negligence, malicious, and willful conduct, I have suffered substantial emotional problems as well as defamation of character, invasion of privacy, and loss of income." The complaint also stated that Mullins was issued a right-to-sue letter by the Equal Employment Opportunity Commission (EEOC) on August 31, 1999, based on charges filed under the ADA.

Despite the fact that the complaint was wholly unencumbered by any supporting facts, the district court ordered Mullins to serve the defendant and granted him an extra 60 days in which to do so. The defendant, Toyota Motor Manufacturing, Kentucky (TMMK), based its answer upon the issues raised in the EEOC charge, stating that Mullins had failed to establish a prima facie case of disability discrimination and that TMMK had legitimate, non-discriminatory, non-retaliatory reasons for its actions.

During a telephone conference with the magistrate judge, Mullins stated his belief that he was not required to execute a medical authorization form as requested by TMMK. However, in an order filed on January 9, 2001, the magistrate judge directed Mullins to sign such an authorization, ruling that TMMK had the right to such records. Mullins was claiming that he had a mental or psychological disability and that he was discharged by TMMK in violation of the ADA, thus placing his mental or psychological state at issue. In light of Mullins's privacy concerns, the magistrate judge directed that any medical or psychological records be sent to his chambers for *in camera* review and redaction, if necessary, before forwarding to the defendant. The magistrate judge soon thereafter recused himself from the case, upon discovering he had a conflict of interest.

Mullins sought an order vacating the magistrate judge's January 9th order. The district court denied that request in an order filed on February 22, 2001, and again directed Mullins to sign an authorization for release of his medical records pertinent to his mental condition, with the modification that the records be sent to the court's chambers for the *in camera* review.

When Mullins still refused to sign an authorization form, despite the second court order to do so, TMMK moved for sanctions, requesting dismissal pursuant to Fed.R.Civ.P. 37(b). Mullins responded by arguing that TMMK had violated statutes prohibiting disclosure of medical information by allowing his supervisors and the EEOC access to his company medical file. The district court again ordered Mullins to sign a medical authorization form and return it to defense counsel within seven days and warned that failure to do so would result in dismissal of this action. The order was entered on April 3, 2001. As of close of business April 12, 2001, Mullins had not complied with the district court's order. Mullins's response to the status report was a statement that he "stands firmly on this matter by refusing to sign."

In an opinion and order entered on April 23, 2001, the district court discussed the factors identified by the Sixth Circuit as relevant to a ruling on the sanction of dismissal and found that all four were present in this case. Accordingly, the district court granted the defendant's motion for sanctions and dismissed the action with prejudice in a judgment also entered on April 23, 2001.

On appeal, Mullins still argues that he is entitled to keep his medical records confidential and that TMMK committed a crime in previously disclosing medical informa-

tion. In addition, he continues to argue the merits of his underlying complaint.

A district court's judgment dismissing an action under Fed.R.Civ.P. 37(b) for willful failure to cooperate in discovery is reviewed for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366–67 (6th Cir.1997).

Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery. This court considers four factors in assessing the appropriateness of the district court's decision to dismiss a complaint:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon,* 110 F.3d at 366–67. Dismissal with prejudice "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g and Mfg. Co.,* 15 F.3d 546, 552 (6th Cir.1994). The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir. 1988).

The district court did not abuse its discretion in dismissing this action after considering the four factors cited above. There is simply no doubt that Mullins's failure to sign a medical authorization form was willful. The second factor also weighs in favor of dismissal. This case was brought under the ADA and accuses TMMK of discrimination against Mullins because of a real or perceived mental or psychological disability. The complaint also alleges that the defendant's actions caused Mullins "substantial emotional problems." Without access to Mullins's medical records relating to his mental or psychological condition at and after the time his employment was terminated, TMMK is unable to adequately defend against these charges. The district court properly found that Mullins had placed his mental state directly at issue and could, therefore, not refuse discovery on that issue.

The third factor supports the district court's ruling as well. After Mullins had refused to comply with orders issued on January 9, 2000, by the magistrate judge and on February 22, 2001, by the district court, the court issued a show cause order on April 2, 2001, clearly stating that Mullins's failure to comply by providing the medical authorization would "result in dismissal of this action with prejudice." His response, filed April 18, 2001, establishes that Mullins clearly comprehended the warning of dismissal and acknowledged it by stating his intention to appeal to the Supreme Court.

Finally, the district court stated in its opinion and order that lesser sanctions were considered, but that the court believed "dismissal is the only option due to plaintiff's unyielding refusal to cooperate." The record of this case supports the district court's belief on this issue.

Mullins continues to argue in his brief on appeal that TMMK violated the law by disclosing his medical file from 1990/91 to his supervisors and the EEOC. However, this argument is meritless because such

disclosures are specifically permitted under the regulations implementing the ADA. *See* 29 C.F.R. § 1630.14(c).

*Accordingly,* the district court's judgment, entered on April 23, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.