**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0389n.06

**Case No. 14-1922**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SHERI L. BARRON, R.N., | ) | |
| | ) | **FILED**<br>May 29, 2015<br>DEBORAH S. HUNT, Clerk |
| *Plaintiff-Appellant*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNIVERSITY OF MICHIGAN and | ) | DISTRICT OF MICHIGAN |
| UNIVERSITY OF MICHIGAN HEALTH | ) | |
| SYSTEM, | ) | |
| | ) | |
| *Defendants-Appellees*. | ) | O P I N I O N |

BEFORE:    COLE, Chief Judge; GILMAN and KETHLEDGE, Circuit Judges.

COLE, Chief Judge.  The district court dismissed this employment-discrimination case after the plaintiff failed to comply with discovery-related court orders and pay the monetary sanctions assessed against her.  We affirm.

## I.    BACKGROUND

Plaintiff-Appellant Sheri Barron was employed as a registered nurse by the University of Michigan[1] ("University") for fourteen years.  Due to a psychiatric disability, she was granted long-term disability benefits from the University.  Five years later, her doctor cleared her to

---

[1] In her complaint, Barron named the University of Michigan and the University of Michigan Health System as defendants.  The University of Michigan contends that the Health System is not a separate legal entity but, as the district court did, we will refer herein to them collectively as "the defendants."

return to work, and she applied for several positions at the University, eventually accepting employment as a patient technician. On June 16, 2011, she filed claims against the defendants for disability and age discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, arguing that it was discriminatory to hire her as a patient technician rather than as a registered nurse.

On October 1, 2012, the district court granted the motion of Barron's first attorney to withdraw from representation due to a breakdown in the attorney-client relationship. Barron then retained Calvin Luker as her counsel.

The defendants filed their first motion to compel discovery on February 7, 2013, after Luker failed to respond to the June 13, 2012, interrogatories and document requests submitted to Barron's first attorney. The parties stipulated that the defendants would withdraw the motion to compel and the plaintiff would provide complete responses to the outstanding discovery requests by February 15, 2013.

After the plaintiff failed to submit the responses, the defendants filed a motion to dismiss under Federal Rule of Civil Procedure 37(b) for failure to comply with the court order. The plaintiff failed to respond to the motion. The district court issued an order to show cause, to which the plaintiff's counsel responded on April 15, 2013, citing his limited clerical support, difficulty with client contact, and lack of knowledge of the local rules as explanations for his failure to respond to the discovery requests and the motion to dismiss.

The defendants also filed a second request for production of documents on the plaintiff on February 22, 2013, followed by a third request on March 14, 2013. They then filed a second motion to compel discovery on April 23, 2013, to which the plaintiff did not respond. During a

subsequent oral argument on the first motion to dismiss and the second motion to compel, Barron's counsel, Luker, acknowledged that he had failed to comply with the discovery orders and that he had not performed well. On that day, he also filed unsigned responses to the first interrogatories and the first and third requests for document production.

On May 30, 2013, the district court denied the motion to dismiss but granted the second motion to compel. The district court found that dismissal would be inappropriate because the court had not previously warned the plaintiff that her claims would be subject to dismissal if she failed to comply with discovery orders, and because less drastic sanctions were sufficient to address the defendants' harm resulting from the delay.

The district court further ordered the plaintiff to provide all outstanding discovery by June 18, 2013, and also granted the defendants' request for sanctions and instructed the parties to calculate the reasonable attorney fees and costs associated with the defendants' efforts to seek Barron's compliance with discovery requests. The district court further warned Barron that any further failings to comply with discovery orders could result in dismissal of her claims.

The parties stipulated that the plaintiff would pay fees in the amount of $6,844.00 to the defendants. After the defendants identified the outstanding discovery requests, the plaintiff responded to explain why some of the documents had not been provided.

On June 26, 2013, the defendants filed a second motion to dismiss for failure to comply with court orders, citing the outstanding discovery as well as the plaintiff's failure to file an expert-witness list, expert disclosures, or an exhibit list. The defendants also noted that they could not finish deposing the plaintiff without the court-ordered discovery. Two days later, Barron's attorney, Luker, filed a motion to withdraw from the case, claiming that he and Barron had reached an impasse on how to proceed in the case. Luker also filed a response to the motion

to dismiss, including a separate response from Barron herself. The defendants filed a reply and noted that the plaintiff had not yet paid the stipulated sanction amount.

On August 28, 2013, the district court granted Luker's motion to withdraw and adjourned the hearing on the second motion to dismiss to give Barron time to retain new counsel. After the plaintiff did so, her new counsel, Joni Fixel, agreed at a hearing on the second motion to dismiss to provide discovery in a manner that identified which document was responsive to which request. Fixel also conceded that sanctions were appropriate, in particular barring the plaintiff from calling experts at trial and from introducing documents into evidence that had not yet been produced to the defendants. The district court set a deadline, to which the plaintiff's counsel did not object, to pay the outstanding $6,844.00 in sanctions, and an additional sanction of $2,950.00, by November 8, 2013. The district court then denied the motion to dismiss, finding no evidence of bad faith on the part of the plaintiff but warning her that further violations of court orders or rules would not be tolerated and could result in dismissal.

On October 16, 2013, Barron's new counsel, Fixel, served responses to some of the defendants' interrogatories and requests for production of documents. Among the outstanding documents requested by the defendants that the plaintiff's counsel did not produce were: (1) emails to and from Kathy Sedgeman-Jordan, Barron's former supervisor, on which Barron was copied; and (2) a group email in which the word "plan" was used with respect to the defendants' treatment of Barron. Barron had testified in an earlier deposition that she thought that these documents were in her possession. On October 30, 2013, the defendants resumed the plaintiff's deposition and she again testified to the existence of these documents. Barron subsequently missed the deadline to pay the sanctions.

On November 25, 2013, the defendants filed a third motion to dismiss for failure to comply with court orders because the plaintiff failed to pay the sanctions and failed to provide the emails that she had testified were in her possession. On that same day, the plaintiff filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), contending that her former attorney, Luker, was responsible for her discovery violations, and requesting that the court grant her relief from both of the previously imposed sanctions and impose them on her former counsel instead.

On June 30, 2014, the district court granted the motion to dismiss, concluding that Barron had failed to provide good cause for repeated non-compliance with court orders. The court further denied the motion for relief from judgment as moot and, in the alternative, found that the motion was untimely and did not provide grounds for relief because Barron could not demonstrate excusable neglect. Barron timely appealed the dismissal of her discrimination claim and the denial of the motion for relief from judgment.

## II.   ANALYSIS

### A.  Rule 37(b) Dismissal

We review a district court's dismissal of an action under Federal Rule of Civil Procedure 37(b) for an abuse of discretion. *Univ. Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 955–56 (6th Cir. 2013). An abuse of discretion occurs "only when we are firmly convinced that a mistake has been made." *Burley v. Gagacki*, 729 F.3d 610, 617 (6th Cir. 2013) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 37(b)(2)(A), "a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Univ. Health Grp.*, 703 F.3d at 956 (quoting *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir.

1995)). We consider four factors when reviewing a Rule 37(b) dismissal, none of which is dispositive: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks omitted). "[D]ismissal is usually inappropriate where the neglect is solely the fault of the attorney." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

"The first factor—whether the party's failure is due to willfulness, bad faith, or fault— requires 'a clear record of delay or contumacious conduct.'" *Id.* at 704 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id.* at 704–05 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Id.* at 705 (internal quotation marks and brackets omitted).

We have held that the failure to respond to a discovery request may constitute contumacious conduct. *See id.*; *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (upholding a dismissal for contumacious conduct where the dismissal occurred a year after the defendant served the plaintiff with its original discovery requests and the plaintiff failed to comply with the district court's subsequent order compelling discovery). *Harmon* is instructive. There, we found a "clear record of delay and contumacious conduct" where a plaintiff failed to answer interrogatories, failed to respond to a motion to compel, and failed to

comply with the district court's order granting the defendant's motion to compel and ordering full and complete responses from the plaintiff. *Id.* at 368.

Barron tries to distinguish her case from *Harmon*. She contends that in *Harmon* the attorney failed to produce any discovery, whereas her counsel did respond to some discovery requests. Thus, Barron argues that her case is akin to *Carpenter v. City of Flint* and *Patterson v. Township of Grand Blanc*, 760 F.2d 686 (6th Cir. 1985) (per curiam), two cases where we found that dismissal was an abuse of discretion.

But in *Harmon*, as here, the plaintiff's counsel submitted some responses to discovery requests. 110 F.3d at 365. Moreover, we reversed in *Patterson* because the district court did not first impose alternative sanctions, unlike the district court here, and issued a warning to the plaintiff only five days before dismissing the case. 760 F.2d at 688–89. And in *Carpenter*, we found that the plaintiff's oversights—delayed filings and violations of local rules requiring electronic and double-spaced submissions—were "less egregious" than other cases where we had upheld dismissals because the dismissed party "failed to appear at scheduled pretrial conferences, . . . failed to respond to discovery requests, [or] acted in contempt of a court order compelling consideration with such requests." 723 F.3d at 705 (citations and internal quotation marks omitted). Here, even after Barron retained new counsel on September 13, 2013, she never paid the sanctions assessed against her, which her new counsel had agreed to pay by November 8, 2013. She also failed to produce the documents requested by the defendants even after the district court granted the defendants' motion to compel.

Barron concedes that she violated discovery orders but argues that these violations, standing alone, would not warrant dismissal absent the bad-faith conduct of her former attorney. She further acknowledges that sanctions were appropriate but contends that they should have

been levied against her former counsel rather than against her. But Barron's arguments that her former counsel should have been sanctioned are unavailing for two reasons. First, Barron never argued that her former counsel should be held responsible for the sanctions until after the deadline for the sanctions had passed, which was after her current counsel had begun to represent her and could have lodged such an objection. Second, even assuming that her former counsel was incompetent, this is not a case where "all of the wrongful conduct must be attributed to counsel." *See Coleman v. Am. Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994). After retaining new counsel, the plaintiff still failed to comply with the district court's discovery orders or pay the sanctions. Attempting to justify her non-compliance, Barron points to the facts that the discovery request was voluminous, that she produced nearly everything requested with the exception of two sets of emails, and that she gave the defendants her Facebook password, signed releases for her medical records, and sent some documents directly to opposing counsel. But we have never suggested that complying with part of a discovery request excuses the plaintiff from complying with the entire request. *See Harmon*, 110 F.3d at 365. And neither her former nor her current counsel ever objected that the plaintiff was unable to produce the documents. Nor did Barron ever supplement her responses to clarify that the documents did not exist or to explain why she could not produce them. Her second deposition testimony revealed that she had not conducted a diligent search for them.

As to the second factor, the district court found that the failure to produce these emails prejudiced the defendants because the documents may have contained evidence to undermine Barron's claims. A party is prejudiced when it is "unable to secure the information requested" and "required to waste time, money, and effort in pursuit of cooperation which [the opposing party] was legally obligated to provide." *Harmon*, 110 F.3d at 368. The defendants never

received the outstanding discovery, and they wasted time and money attempting to compel the discovery from Barron. She also never paid the fee awards to the defendants. Moreover, the emails that she failed to produce could have assisted in the defendants' case by undermining Barron's claim. The facts here are clearly distinguishable from other cases where we have found that the defendants were not prejudiced, *see Carpenter*, 723 F.3d at 708, or that the defendant had contributed to the delays in the case, *id.* at 706; *see also Freeland*, 103 F.3d at 1278–79. And although Barron argues that the defendants have not shown prejudice because they were already in possession of the emails, there is nothing in the record that indicates that the defendants already had access to these particular emails.

We agree with the district court that the third and fourth factors also weigh in favor of dismissal. In denying the two earlier motions to dismiss, the district court had warned the plaintiff that her failure to comply with discovery orders could result in dismissal. *See Univ. Health Grp.*, 703 F.3d at 956 (holding that the court below gave proper notice when, in denying an earlier motion to dismiss, it stated that dismissal at that stage would be improper because it had not yet warned the plaintiff that dismissal could result from continued dilatory tactics); *see also Carpenter*, 723 F.3d at 709 (noting that the court's two prior warnings to the plaintiff that his failure to comply with the local rules could result in sanctions weighed in favor of dismissal).

With regard to the fourth factor, the district court also ordered less drastic sanctions when it prohibited Barron from calling experts at trial and from utilizing any documents that had not yet been produced to the defendants by October 9, 2013, as well as when it twice imposed monetary sanctions, which Barron never paid. *Cf. id.* at 709–10 (explaining that, although there was good cause to impose sanctions, the district court should have imposed a lesser sanction before resorting to dismissal); *see also Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644–45 (6th Cir.

2005) (finding that the district court did not warn the parties that failure to respond timely to the order to show cause could result in dismissal, and that the court did not consider alternative sanctions).

Barron further argues that dismissal was inappropriate because, due to her modest salary as a patient technician, she did not have the ability to pay the assessed sanctions. Barron's only support for this argument is a case where we held that dismissal is an abuse of discretion if the dismissed party "does not have the ability to comply with the request." *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). But *Beil* concerned a discovery order for a piece of physical evidence that was not in the plaintiff's possession because it no longer existed, and thus the case has no bearing on the situation here. Moreover, "[t]he dismissed party has the burden of proving that it could not comply with the discovery request." *Id.* Barron did not meet this burden because she did not argue before the district court that she could not pay the sanctions, and her counsel did not object to the court-imposed deadlines for the sanctions. Moreover, five months passed between the initial order for $6,884.00 in sanctions and Barron's filing of the motion for relief from the sanctions. Barron did not pay even a portion of the fees during that time period or attempt to request a payment plan to do so. Because all four factors weigh in favor of dismissal and Barron has not shown an inability to comply with any court orders, the district court did not abuse its discretion here.

## B. Rule 60(b) Motion for Relief from Judgment

We review the denial of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

A district court may grant relief from a judgment or order based on "excusable neglect." Fed R. Civ. P. 60(b)(1). The district court denied Barron's Rule 60(b) motion for relief from the sanctions as moot because it dismissed her suit. In the alternative, the district court also found that the motion was untimely and that Barron was not entitled to relief because she could not demonstrate excusable neglect.

"In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (internal quotation marks omitted). "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* at 628–29 (internal quotation marks omitted). Barron cannot demonstrate a lack of culpability and thus the district court did not abuse its discretion in denying her Rule 60(b) motion. Barron argues that her counsel's conduct was inexcusable but hers was not. But we have held that "a determination of excusable neglect does not turn solely on whether the *client* has done all that he reasonably could do to ensure compliance with a deadline; the performance of the client's *attorney* must also be taken into account." *Reyes*, 307 F.3d at 456 (internal quotation marks omitted) (emphasis in original). "[T]he case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)." *McCurry*, 298 F.3d at 595 (internal quotation marks and brackets omitted). Moreover, Barron herself was aware of the sanction awards and the district court's orders compelling discovery, yet she took no action to produce the documents or to pay even a portion of the sanctions. The Rule 60(b) motion was properly denied.

## III.    CONCLUSION

We affirm the judgment of the district court.