NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0233n.06

Case No. 23-5651

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| D & R SERVICES, LLC, | ) | |
| Plaintiff, | ) | |
|  | ) | **FILED** |
| DD & KD SERVICES, LLC, | ) | Jun 04, 2024 |
| Plaintiff - Appellant, | ) | KELLY L. STEPHENS, Clerk |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
|  | ) | |
| MESA UNDERWRITERS SPECIALTY INSURANCE CO., | ) | OPINION |
| Defendant - Appellee. | ) | |

Before: COLE, GIBBONS, and READLER, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. D & R Services, LLC and DD & KD Services, LLC[1] brought this action against their insurer, Mesa Underwriters Specialty Insurance Company ("MUSIC"), after MUSIC allegedly failed to pay for wind and hail damage to DD & KD Services' commercial property. DD & KD Services appeals the district court's dismissal of the case with prejudice as a sanction under Federal Rule of Civil Procedure 37(b) for DD & KD Services' failure to comply with court-ordered discovery. Finding no abuse of discretion, we affirm.

I.

This case began as a contract action filed in Tennessee state court. Before us is simply a discovery dispute. DD & KD Services initially sued MUSIC in state court for breach of contract

---

[1] Although both companies acted as plaintiffs in the underlying action, DD & KD Services acts as the sole appellant. We accordingly refer only to DD & KD Services or "plaintiffs" when describing the events leading up to this appeal.

related to MUSIC's alleged refusal to pay for damage incurred to DD & KD Services' commercial property. MUSIC removed the action to federal court. The district court then issued a scheduling order setting deadlines for discovery. The court ordered alternative dispute resolution (ADR) to be completed by November 6, 2022, and set a deadline of May 31, 2023 for all written discovery.

DD & KD Services changed counsel during the discovery period, with new counsel entering an appearance on October 11, 2022. On October 27, 2022, MUSIC served DD & KD Services with a set of discovery requests. Despite MUSIC's efforts to coordinate with plaintiffs' counsel, DD & KD Services failed to provide the requested discovery information before the end of 2022. The parties thus failed to meet the scheduling order's ADR deadline. MUSIC moved to extend the ADR deadline and to compel DD & KD Services' compliance with the discovery request at the beginning of January. DD & KD Services did not respond, and the district court judge referred the matter to a magistrate.

The magistrate judge granted MUSIC's motion on both fronts. First, the judge pushed the ADR deadline back to April 1, 2023. Next, the judge highlighted that DD & KD Services failed to respond to MUSIC's interrogatories, request for documents, and request for admissions within the thirty-day time frame set forth by Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A). The judge thus ordered DD & KD Services to provide discovery before January 24, 2023. In doing so, the judge cautioned DD & KD Services "that failure to meet the most basic procedural requirements of civil litigation will not be looked favorably upon by the Court moving forward." DE 27, Order Granting Mot. To Compel, Page ID 99. DD & KD Services neither objected to this order nor provided the required discovery. *See* Fed. R. Civ. P. 72(a).

Having still not obtained discovery by February 15, 2023, MUSIC moved to dismiss the case as a sanction for DD & KD Services' failure to comply with the court's discovery order, *see*

Fed. R. Civ. P. 37(b)(2), and for DD & KD Services' failure to prosecute its claim, *see* Fed. R. Civ. P. 41(b). After DD & KD Services failed to timely respond to the motion, the district court ordered DD & KD Services to show cause as to why the action should not be dismissed. The district court warned that the failure to reply to this order before the deadline could result in dismissal "without further notice." DE 29, Show Cause Order (3/13/2023), Page ID 107.

In late March—for the first time since October 2022—DD & KD Services responded. It argued that dismissal was inappropriate for a few reasons. First, DD & KD Services claimed that MUSIC violated the Western District of Tennessee's local rules by failing to consult before filing the motion to dismiss. Second, DD & KD Services reasoned that dismissal by sanction was unwarranted because, under Sixth Circuit law, it did not act in bad faith; rather, DD & KD Services had emailed MUSIC in early February to obtain permission to voluntarily dismiss the suit without prejudice, and MUSIC wrongfully rejected that offer and filed this motion to dismiss as an act of gamesmanship. Notably, DD & KD Services' response neither mentioned the magistrate's order to compel nor put forth reasons explaining its noncompliance. The response merely noted that any alleged noncompliance was harmless because MUSIC allegedly already possessed much of the information requested. Despite its response, DD & KD Services also did not provide the requested discovery information, thus continuing to disregard the court order issued more than two months earlier.

Ahead of a status conference scheduled to address DD & KD Services' counsel's failure to meet discovery deadlines and comply with court orders in this case and, apparently, a series of others, DD & KD Services submitted a filing. This April 6, 2023, filing did not include the discovery requested nearly six months earlier, it did not convey any intent on the part of DD & KD Services to produce the information, it did not include a request for more time to comply with

the order, and it did not contain any argument that DD & KD Services was unable to produce the documents. Rather, it contained a motion reiterating DD & KD Services' desire for voluntary dismissal of the case *without prejudice*. DD & KD Services sought this dismissal to refile the suit once counsel was "properly [] staffed" to address the litigation. DE 33, Mot. For Voluntary Non-suit, Page ID 126.

At the status conference, the court contemplated MUSIC's motion to dismiss and held DD & KD Services' motion for voluntary nonsuit in abeyance until ruling on the former. Although the court gave DD & KD Services' counsel the opportunity to account for the continued noncompliance, counsel gave "no reason" other than "vague references to a heavy caseload" to support a finding that DD & KD Services "had actually been prevented from complying with the Magistrate Judge's order for the last three months."[2] DE 35, Order Granting Mot. To Dismiss, Page ID 137.

Two days later, the district court granted MUSIC's motion to dismiss the case with prejudice as a sanction under Rule 37(b).[3] First, the court used its discretion to look past MUSIC's failure to adhere to Local Rule 7.2's consultation requirement, reasoning that the Rule's purpose

---

[2] Because DD & KD Services failed to include a transcript of the status conference in the record, we lack grounds to call into question the district court's characterization of the conference. *See McKinley v. Ford*, 22 F. App'x 476, 478 (6th Cir. 2001). While DD & KD Services argues in its brief that counsel suffered illness and car wrecks, in addition to an overwhelming volume of litigation, which contributed to the missed deadlines, the record does not demonstrate that any of this information—aside from the existence of a large amount of litigation—was submitted to the district court before it ruled on the motion to dismiss. Even if submitted, and even if sufficient justification to explain why the discovery was initially late, this information does not account for DD & KD Services' *continued* noncompliance.

[3] Finding Rule 37(b) applicable, the district court declined to rely on Rule 41(b) to dismiss the action. *See Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 n.3 (6th Cir. 2019). When Rule 37(b) covers the conduct at issue, "there is no need to rely on the court's inherent powers or on Rule 41(b)'s authorization to dismiss." *Id.* (citing *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958)).

would not be furthered if the court denied the motion because both parties "stated their positions on the record and [have] been heard on the matter[.]" DE 35, Order Granting Mot. To Dismiss, Page ID 136 n.2. Next, the court found that the sanction of dismissal with prejudice, while "a drastic step," was warranted in light of plaintiff's discovery conduct and continued failure to provide justification for its actions. *Id.* at Page ID 137–38 (quoting *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019)).

After the dismissal, DD & KD Services moved to alter or amend the judgment under Rule 59(e). Finding that DD & KD Services merely reiterated arguments previously presented and cited inapposite case law, thus failing to meet Rule 59(e)'s requirements, the court denied the motion. DD & KD Services now appeals these rulings.[4]

## II.

We review a district court's dismissal of an action as a sanction under Federal Rule of Civil Procedure 37(b) for abuse of discretion. *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 955 (6th Cir. 2013). A district court abuses its discretion when it makes "clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (cleaned up). Reversal is warranted only when we are "firmly convinced that a mistake has been made." *Id.* (quoting *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995)).

## III.

Federal Rule of Civil Procedure 37(b)(2)(A) empowers district courts to sanction parties for disobeying a discovery order. This power to sanction includes "dismissing the action or

---

[4] In its brief, DD & KD Services does not segment out any argument specific to the district court's denial of its motion to alter or amend the judgment pursuant to Rule 59. Accordingly, we analyze all arguments attacking the district court's decision to impose dismissal as a sanction together.

proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). We consider four factors in determining whether dismissal is an appropriate sanction: (1) whether the offending party exhibited "willfulness, bad faith, or fault" in its failure to comply; (2) whether the party's failure to comply resulted in prejudice to the opposing party; (3) whether the court warned the offending party "that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered" prior to resorting to dismissal. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Tel. Co*., 176 F.3d 359, 363 (6th Cir. 1999)). We have applied these factors "more stringently" where the fault lies with the plaintiff's attorney rather than the plaintiff itself. *Harmon v. CSX Transp., Inc*., 110 F.3d 364, 367 (6th Cir. 1997). Nonetheless, dismissal is appropriate "where there is a clear record of delay or contumacious conduct." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363)). DD & KD Services contends that the district court contravened Sixth Circuit precedent and erred in finding that the four factors favored dismissal under the circumstances of this case. We disagree.[5]

---

[5] Before the district court, DD & KD Services argued that dismissal is unwarranted where, allegedly as here, the defendant was already aware of the information the plaintiff failed to tend during discovery, because the defendant's awareness mitigated the risk of unfair surprise by the late disclosure of such information. *See Howe v. City of Akron*, 801 F.3d 718, 747–50 (6th Cir. 2015) (declining to exclude evidence when the defendant had access to the same information). The district court rejected DD & KD Services' argument that the *Howe* factors displaced the aforementioned four-part test in the context of Rule 37(b) dismissal, finding that *Howe* did not contemplate dismissal as a sanction for a party's failure to comply with an order to compel under Rule 37(b), but rather dealt with a motion to exclude evidence as a sanction under a different procedural subsection—Rule 37(c). It is not clear that DD & KD Services preserved this argument on appeal, as its brief merely articulates *Howe*'s rule without any application to the facts of this case. But to the extent DD & KD Services preserves this argument, we reject it for the reasons given by the district court.

A.  Willfulness, Bad Faith, or Fault

A plaintiff's action demonstrates willfulness, bad faith, or fault when the plaintiff "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang*, 420 F.3d 641, 643 (6th Cir. 2005)).  This factor will be satisfied by "a clear record of delay or contumacious conduct." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (internal citation omitted). Contumacious conduct is defined as behavior "'perverse in resisting authority' and 'stubbornly disobedient.'" *Id.* at 705 (quoting *Schafer*, 529 F.3d at 737).

We have previously held that a party engaged in contumacious conduct where it failed to comply with discovery requests and a court order.  *See Harmon*, 110 F.3d at 368; *Barron v. Univ. of Mich.*, 613 F. App'x 480, 484–85 (6th Cir. 2015) (upholding dismissal where plaintiff failed to pay sanction fees, failed to comply with discovery request, and failed to comply with court order granting defendants' motion to compel).  In contrast, we have distinguished contumacious conduct from mere "dilatory conduct," *Carpenter*, 723 F.3d at 705, and found dismissal inappropriate when the plaintiff's attorney made less egregious errors such as failing to comply with local rules concerning document formatting or failing to move the litigation forward in a timely manner, *see id.* at 705–06. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591–92 (6th Cir. 2001) (dismissal constituted abuse of discretion where only minimal periods of docket inactivity existed, plaintiff did not fail to respond to any discovery requests and did not contravene any court order compelling cooperation with such requests); *Lovingood v. Monroe County*, No. 22-5022, 2022 WL 17069662, at *6 (6th Cir. Nov. 17, 2022) (failure to submit witness lists that complied with the specifications set out in pretrial order did not warrant dismissal).

Here, however, the district court properly found that DD & KD Services' conduct aligned more closely with the former category of cases—demonstrating contumacious conduct that evidenced fault and an intent to disobey a court order. Like in *Harmon,* DD & KD Services "failed to answer interrogatories, failed to respond to a motion to compel, and failed to comply with the [magistrate judge's] order granting the defendant's motion to compel." *Barron*, 613 F. App'x at 484 (citing *Harmon*, 110 F.3d at 368). And the record supports the district court's finding that— contrary to DD & KD Services' argument that dismissal resulted from unintentional mistakes— plaintiffs' failure to comply with the magistrate judge's order was "intentional and did not arise from an inability to comply." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). Knowing that MUSIC requested dismissal with prejudice based on plaintiffs' noncompliance, DD & KD Services still did not notify the court either that it intended to comply with the discovery order or that it was unable to do so. Rather, it moved for voluntary dismissal so that it could refile the suit when it was more convenient to do so. From this, paired with counsel's failure to provide a detailed account for plaintiffs' continued noncompliance at the status conference, the district court reasonably found that DD & KD Services never intended to comply with the court order. This finding of intent thus supports the conclusion that DD & KD Services demonstrated the sort of delay and contumacious conduct that warrants dismissal.

## B. Prejudice to the Opposing Party

This court has found prejudice to the defendant "where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 737 (quoting *Harmon*, 110 F.3d at 368) (alterations in original). In assessing this factor, we have distinguished between efforts "necessitated by" the plaintiff's "lack of cooperation," and those that are "typical steps in the early stages of litigation and are to be expected

when one is served with a complaint." *Id.* at 739 (finding no prejudice where defendants' litigation efforts were not caused by any lack of cooperation by the plaintiff and were instead ordinary to litigation such as filing an answer, attending scheduling conferences, and submitting a report addressing case-management matters). Only the former matters here.

Although this litigation was terminated in its infancy, MUSIC suffered at least some prejudice contemplated by this factor. MUSIC remains "unable to secure the information requested," and "was also required to waste time, money, and effort in pursuit of cooperation which [DD & KD Services] was legally obligated to provide." *Harmon*, 110 F.3d at 368. *But see Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (finding no prejudice where defendant took no action in response to plaintiff's failure to meet deadlines set in pre-trial order and "both attorneys seemed equally dilatory" in moving the case forward). MUSIC attempted to obtain DD & KD Services' cooperation with its discovery request for months, causing it to file a motion to compel and a motion to dismiss and response in support of the motion. MUSIC's counsel also attended a scheduling conference because of DD & KD Services' failure to provide requested the information, and the failure prevented the parties from timely engaging in ADR. Rather than steps inherent in the litigation process, these steps were necessitated by DD & KD Services' lack of compliance with proper requests. *See Schafer*, 529 F.3d at 739, 742.

DD & KD Services' argument to the contrary is unavailing. DD & KD Services argues that the unique context of this insurance litigation renders MUSIC unable to show prejudice because MUSIC already possesses or is aware of all of the information it requested. CA6 R. 23, Appellant Br., at 8–10. DD & KD Services further claims that this Circuit's decision in *Patel v. Hughes*, No. 22-5696, 2023 WL 3318391 (6th Cir. May 9, 2023) requires an affirmative finding of "evidentiary prejudice" for this factor to weigh in favor of dismissal. CA6 R. 23, Appellant Br.,

at 10. Although *Patel* found that defendants' diminished ability to obtain evidence supported dismissal where plaintiffs attempted to reopen the matter six years later, it did not hold that such evidentiary prejudice was necessary to dismissal. *See Patel*, 2023 WL 3318391, at *4. And even if defendant's access to the information were central to the prejudice analysis, DD & KD Services points to "nothing in the record that indicates that the defendant[] already had access" to the particular information requested. *Barron*, 613 F. App'x at 485. As a result, although this the prejudice factor does not weigh *strongly* in favor of dismissal, the district court did not abuse its discretion in analyzing this prong.

### C. Notice of Possibility of Dismissal

This Circuit has repeatedly deemed dismissal an abuse of discretion when the court "did not put the derelict parties on notice that further noncompliance would result in dismissal." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). Likewise, we have elaborated that "boilerplate language, which does not explicitly identify dismissal as a sanction," is not sufficient to put a party on notice of such a harsh sanction. *Carpenter*, 723 F.3d at 708.

DD & KD Services charges the warning of dismissal in the show cause order as insufficient because it merely threatened dismissal if DD & KD Services did not reply to the order within seven days—it did not, DD & KD Services argues, warn of dismissal if DD & KD Services' reply was somehow deemed inadequate. *See id.* at 709. But this argument defies common sense in the context of defendant's motion to dismiss, as the prospect of dismissal existed not only if DD & KD Services failed to respond to the show cause order, but also if it failed to show cause as to why the action should not be dismissed. Based on the show cause order, DD & KD Services could "have anticipated reasonably that further action was needed to respond adequately to the court's

request"—namely, that DD & KD Services had to show cause for the continued failure to comply with the magistrate judge's order. *Id.*

Additionally, this Circuit has previously deemed the combination of an order to compel and a defendant's motion to dismiss, based on the plaintiff's failure to comply with the order to compel, sufficient to put the plaintiff on notice of the risk of dismissal as a sanction. *Harmon*, 110 F.3d at 368. Here, DD & KD Services had notice of the applicability of dismissal as a Rule 37 sanction for its continued noncompliance based on various docket entries related to its failure to provide discovery and the district court's warning at the status conference. Thus, it cannot be said that DD & KD Services "was without notice that the district court was contemplating the dismissal of [the] complaint." *Id.*

### D. Less Drastic Sanctions Imposed or Considered

The last factor asks whether the district court considered or imposed less drastic sanctions ahead of dismissal with prejudice. *Reyes*, 307 F.3d at 458. Although dismissal is generally considered a sanction of last resort, "[w]e have never held that a district court is without power to dismiss a complaint[] as the first and only sanction." *Harmon*, 110 F.3d at 368. The failure to impose lesser sanctions prior to dismissal is not necessarily an abuse of discretion. *See Reyes*, 307 F.3d at 458.

In its brief on appeal, DD & KD Services has failed to develop any argument that the district court's consideration of this factor was incorrect. This argument is thus forfeited. *See Kuhn v. Washtenaw County*, 709 F.3d 612, 624–25 (6th Cir. 2013). In any event, the district court did articulate its consideration of less severe sanctions ahead of dismissal. The court found that no lesser sanctions would bring DD & KD Services into compliance because its continued noncompliance with the discovery order—without a request for more time to comply with the

order or an explanation demonstrating its inability to do so—in conjunction with the timing of its motion for voluntary dismissal, suggested that DD & KD Services never intended to provide discovery. DE 35, Order Granting Mot. To Dismiss, Page ID 139–40. Thus, a lesser sanction—including dismissal without prejudice as requested by DD & KD Services—would fail to penalize for past conduct and provide deterrence against future similar behavior. *Id.* In light of this explicit consideration, and absent any developed argument to the contrary, the district court did not abuse its discretion in deciding against lesser sanctions. *See Mager*, 924 F.3d at 840 (affirming dismissal where magistrate explicitly noted consideration of less severe sanctions but decided dismissal with prejudice was most appropriate).

IV.

We affirm the district court.