NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0503n.06

Case No. 14-3384

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 15, 2015
DEBORAH S. HUNT, Clerk

ANTONIA PERRIS,                                          )
                                                         )
        Plaintiff-Appellant,                             )
                                                         )
                                                         )    ON APPEAL FROM THE UNITED
                                                         )    STATES DISTRICT COURT FOR
v.                                                       )    THE NORTHERN DISTRICT OF
                                                         )    OHIO
                                                         )
CUYAHOGA COUNTY BOARD OF                                 )
DEVELOPMENTAL DISABILITIES,                              )
                                                         )
        Defendant-Appellee.                              )
                                                         )

BEFORE: SILER, COOK, and WHITE, Circuit Judges.

**SILER**, Circuit Judge. Antonia Perris ("Perris") filed a federal discrimination lawsuit against the Cuyahoga County Board of Developmental Disabilities (the "Board"). The district court granted summary judgment in favor of the Board. Perris appeals the district court's denial of her motion to alter, amend or grant relief under Federal Rules of Civil Procedure 59(e) and 60(b)(6). For the following reasons, we **AFFIRM**.

**I.**

Perris, a naturalized American citizen of Greek origin, worked for the Board as a classroom assistant from 1993 until she was laid off in August 2009. She was a member of ACCESS—a union that had a contract with the Board. Pursuant to the contract, the Board was

required to update the recall list each time an individual was laid off. The Board would recall qualified union members in order of seniority to positions covered by the contract.

In December 2009, the Board created a temporary position covered by the ACCESS contract for a personal supervisor for a special needs child. Perris received the position because she was the most senior eligible union member on the recall list. The contract position was scheduled to terminate on March 31, 2010. In February 2010, the special needs child under Perris's care injured another student. The Board hired Northeast Ohio Network ("NEON") to conduct an investigation to determine if Perris was negligent. Pending the investigation's outcome, the Board placed Perris on administrative leave with full pay and benefits. Two weeks later and prior to the results of the NEON investigation, Perris's temporary contract duties were changed, and she was reassigned to a position as a classroom assistant.

In March 2010, when the NEON investigation substantiated the allegations of neglect, the Board offered Perris two choices—(1) to admit to the neglect charge and accept a one-day suspension, or (2) to request a pre-disciplinary hearing. Perris declined to admit to the neglect charge, and as a result, a hearing was scheduled for May 10, 2010. Perris's temporary contract position ended on March 31, and she was again placed on the recall list. In early May, the Board indefinitely postponed the May 10 pre-disciplinary hearing and never disciplined Perris. Thereafter, Perris filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRA"), alleging that the Board denied her employment and a disciplinary hearing because of her Greek ethnicity.

## II.

Perris sued the Board, ACCESS, NEON, the EEOC and related organizations, asserting broad accusations of workplace and employment discrimination fueled by anti-Greek sentiment.

The district court interpreted Perris's *pro se* complaint as setting forth four distinct claims: (1) wrongful termination of a protected civil servant without due process; (2) retaliation for filing discrimination charges with the EEOC; (3) EEOC's failure to act on the discrimination charges; and (4) infliction of emotional distress.

The district court granted Perris's motion to proceed *in forma pauperis*, but it only permitted Perris to proceed against two of the defendants—the Board and ACCESS—and it only permitted her to pursue her Title VII discrimination and retaliation claims. The court interpreted Perris's vague due process claim as one arising under 42 U.S.C. § 1983, and it found that Perris could not succeed against any of the defendants because she failed to allege a deprivation of a federal right by a "person." First, Perris only sued state and local agencies—rather than individuals. Second, agencies are only considered "persons" under § 1983 if their official policies caused the alleged harm suffered, and Perris failed to allege that she was terminated without a hearing pursuant to an official policy.[1]

The court granted Perris's subsequent motion for a voluntary dismissal without prejudice, allowing reinstatement only if Perris retained counsel. Perris subsequently retained counsel and filed a motion to reinstate the action, stating her intent to file an amended complaint conforming to the court's January 2012 order.

Perris filed an amended complaint, naming the Board as the sole defendant. In her amended complaint, she alleged claims of discrimination and retaliation in violation of Title VII. Subsequently, the district court granted the Board's motion for summary judgment.

---

[1] The district court provided no mention of why the emotional distress claim is dismissed or even if it is dismissed. It did, however, allow Perris to proceed with "related state law claims" along with her Title VII claims, but Perris never asserted this claim again.

Thereafter, Perris filed a motion to amend the judgment under Rule 59(e) and for relief from judgment under Rule 60(b)(6). Specifically, she argued that the court should hold a hearing to address her allegations that the Board committed a "manifest injustice" because it violated her Fourteenth Amendment due process rights when it cancelled the disciplinary hearing. The court denied Perris's Rule 59(e) and 60(b)(6) motion. It found that Perris "did not assert a 14th Amendment due process claim in her Amended Complaint" and declined to "reopen a case in order to hold a hearing on a claim that was not before the Court at the time of judgment."

## III.

We review a district court's denial of a motion for relief from judgment under Rule 60(b) for abuse of discretion. *See Barron v. Univ. of Mich.*, No. 14-1922, 2015 WL 3450075, at *6 (6th Cir. May 29, 2015). Typically, we review a Rule 59(e) motion for abuse of discretion, but when the motion seeks reconsideration of a grant of summary judgment, we review de novo. *Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 766-67 (6th Cir. 2003).

A judgment may be altered or amended under Rule 59(e) for any of the following three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to otherwise prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Perris only relies on the third reason to support her argument that the district court erred.

Perris also relies on Rule 60's catch-all provision—60(b)(6)—which permits a court to relieve a party from final judgment for "any other reason that justifies relief." We have cautioned that relief under Rule 60(b)(6) should be used sparingly. "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments . . . . This is especially true in the application of subsection (6) of Rule 60(b), . . . because almost every conceivable ground for

relief is covered under the other subsections of Rule 60(b)." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.), *cert. denied*, 534 U.S. 1054 (2001) (internal quotations and citations omitted). As a result, we "must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original).

## IV.

On appeal, Perris argues that the district court erred in denying her Rule 59(e) and Rule 60(b)(6) motion because it "ignored addressing whether her 14th Amendment rights were violated in an abuse of its discretion and [a] manifest injustice." She claims that the court should have granted her motion and provided her with a hearing regarding the cancelled May 2010 disciplinary hearing.

In considering Perris's Rule 59(e) and Rule 60(b) motion, the district court found that Perris failed to allege a due process claim in her amended complaint, and therefore, it would be improper to amend or alter a judgment to hold a hearing on a claim not before the court. We agree.

Perris only pleaded two claims in her amended complaint—discrimination and retaliation under Title VII. Her amended complaint only refers to "due process" in a single paragraph of the "Factual Allegations" section and fails to set forth a cause of action for a due process violation. She mentions due process only in the context of her retaliation claim. Furthermore, Perris does not plead any additional facts that could reasonably be construed as an independent due process claim. At no time did she move to file a second amended complaint to allege a due process claim. Nor did she ever allude to a due process claim in her response to the Board's motion for summary judgment. She first alleged that the Board violated her due process rights by denying her a hearing in her Rule 59(e) and Rule 60(b) motion. Accordingly, in denying her Rule 59(e)

and Rule 60(b) motion, the district court properly concluded that Perris's due process claim "was not before the Court at the time of judgment."

Therefore, Perris did not suffer a manifest injustice, and the district court properly declined to alter or amend the judgment under Rule 59(e). Similarly, Perris has failed to show any exceptional or extraordinary circumstances that merit relief under Rule 60(b)(6).

**AFFIRMED.**