NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0419n.06

No. 17-3010

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHAMARRA EVANS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LIBERTY INSURANCE CORPORATION, aka | ) | COURT FOR THE NORTHERN |
| Liberty Mutual Insurance, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

FILED
Jul 19, 2017
DEBORAH S. HUNT, Clerk

BEFORE: SILER, SUTTON, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Plaintiff Chamarra Evans appeals the district court's dismissal of her action against Liberty Insurance Corporation ("Liberty Mutual") for want of prosecution. Because the district court did not abuse its discretion in dismissing the case, we **AFFIRM**.

## I. Background

Evans claims that her home and belongings were destroyed in a July 13, 2015, electrical fire. On March 29, 2016, represented by Joseph Westmeyer, Jr., and Joseph Westmeyer, III, Evans filed this action in the Common Pleas Court of Lucas County, Ohio, alleging that she was insured under a fire-insurance policy with defendant Liberty Mutual, that she timely filed a claim with Liberty Mutual for damage to her property, and that Liberty Mutual wrongfully refused to pay the claim. Liberty Mutual removed the case to the Northern District of Ohio.

The district court set July 30, 2016, and September 4, 2016, as deadlines for Evans's first and second responses to Liberty Mutual's discovery requests. Evans missed both deadlines

without explanation. The district court then extended the deadline and ordered Evans to provide the discovery responses or offer an explanation for their non-production by October 14, 2016. Evans missed this deadline as well, and on October 17, 2016, Liberty Mutual moved to dismiss the case for want of prosecution. Although Evans submitted discovery responses two days after Liberty Mutual filed its motion, Liberty Mutual informed the district court during a status conference on October 20, 2016, that the discovery responses were inadequate because Evans failed to respond to six of Liberty Mutual's eight requests. Evans's counsel did not meaningfully contradict Liberty Mutual's assertion, and the district court later explained that "[Evans's counsel] evinced, during the October 20 status conference, something of a 'so what' attitude." R. 19, PID 63.

The district court again extended the discovery deadline, but warned counsel that continued non-compliance would result in the dismissal of Evans's case with prejudice. Evans failed to comply,[1] and on November 30, 2016, the district court granted Liberty Mutual's pending motion to dismiss for want of prosecution, noting that in addition to failing to comply with discovery, counsel also had not responded to Liberty Mutual's memorandum in support of its motion to dismiss, filed October 26.

Two weeks later, on December 15, 2016, Evans filed a motion for reconsideration. Counsel explained that he was hospitalized on August 6, 2016, that he did not return to work until late September 2016, at which point he worked only "minimal hours a week," and he only began working over twenty hours per week beginning in "mid-October" 2016. The district court denied Evans's motion for reconsideration, concluding that counsel's illness did not excuse his

---

[1] The district court record is unclear as to the date of the final discovery deadline, only that the deadline was missed and "[Evans's counsel] . . . neither produced the requested documents nor explained their absence." R. 19, PID 62.

failure to comply with the discovery deadlines. Specifically, the district court explained that "Mr. Westmeyer Jr. did not advise [the court] of his condition until a status conference on October 20, 2016. By that time, counsel had returned to work, yet he had still failed to tender complete discovery responses." R. 28, PID 184. The district court noted that it would have adjusted the discovery schedule had it been informed of Westmeyer, Jr.'s, condition. The district court also emphasized that Evans's counsel's non-compliance continued even after the October 20 conference. Finally, the district court observed that Westmeyer, Jr.'s, unexpected illness did not explain why Westmeyer, III, who had also entered an appearance for Evans, was unable to either comply with the discovery deadlines or inform the court of Westmeyer, Jr.'s, condition.

## II. Analysis

Evans appeals the district court's grant of Liberty Mutual's motion to dismiss for want of prosecution. She argues that the district court abused its discretion in dismissing the case for want of prosecution because (1) dismissing the case was too harsh of a sanction and deprived her of her day in court; (2) the district court failed to consider imposing lesser sanctions; and (3) she had already complied with discovery at the time of dismissal.

### A. Standard of Review

We review a district court's dismissal for want of prosecution for abuse of discretion. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). Although a district court "must be given substantial discretion" in its decision to dismiss a case for failure to prosecute, "the dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (internal quotation marks omitted).

## B. Analysis

We consider four factors in evaluating a district court's dismissal for want of prosecution:

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 737. None of these factors is dispositive, and a "case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). The district court considered each factor in ruling on the motion to dismiss.

A party's willfulness or bad faith is established by "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the party's] conduct on those proceedings." *Wu*, 420 F.3d at 643. Evans argues that she missed the discovery deadlines due to her counsel's unexpected illness and not because she or her counsel acted in bad faith. The district court concluded that Evans's counsel recklessly disregarded the effect of their conduct on the litigation. We find no clear factual error or abuse of discretion. First, Westmeyer, Jr.'s, hospitalization does not explain the inability of Westmeyer, III, to either comply with discovery or notify the district court of Westmeyer, Jr.'s, condition. Second, Evans's counsel repeatedly ignored discovery deadlines and warnings given by the district court, effectively grinding the litigation to a halt. Moreover, the district court observed that when Liberty Mutual "explained, at length and in detail, the inadequacies in plaintiff's initial disclosures, [Evans's counsel] evinced . . . something of a 'so what' attitude." The district court's decision on the first factor is thus adequately supported.

Regarding the second factor—prejudice—Evans argues that Liberty Mutual was not prejudiced because the case was dismissed "a mere eight months" after Evans commenced the action. Appellant Br. at 19. An adversary is prejudiced by the dismissed party's conduct when it is "required to waste time, money, and effort in pursuit of cooperation which [a party] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). In addressing this factor, the district court noted that Liberty Mutual was forced to file a motion to dismiss for want of prosecution, a supplement to that motion, and a motion for extension of time for filing a motion for summary judgment, and had to offer the district court a detailed explanation of Evans's counsel's failure to comply with their discovery obligations. Liberty Mutual also repeatedly called Evans's counsel to follow up on the overdue discovery responses. The district court adequately supported its finding that Liberty Mutual was prejudiced by Evans's failure to provide discovery.

The district court warned Evans's counsel that continued failure to comply with discovery obligations would lead to the dismissal of Evans's lawsuit. Thus, the third factor is satisfied.

Finally, contrary to Evans's argument, the district court considered and declined to impose lesser sanctions before ordering dismissal. Evans incorrectly asserts that "the district court determined that there was no reason to consider an alternative sanction to dismissal." Appellant Br. 23. Although the district court did not articulate specific alternative sanctions available to it, the court concluded that imposing an alternative sanction would be futile. The district court explained that "given Mr. Westmeyer's recklessness and intransigence in the face of multiple explicit warnings about fulfilling his obligations under the discovery rules, [it had] no reason to expect a lesser sanction would motivate him to cooperate with Liberty [Mutual]."

R. 19, PID 64. A district court is permitted to dismiss a complaint as "the first and only sanction, solely on the basis of the plaintiff's counsel's neglect" and is not required to "incant a litany of the available lesser sanctions." *Harmon*, 110 F.3d at 368. Here, the district court gave Evans's counsel repeated opportunities and warnings to comply with the discovery obligations, and counsel repeatedly failed to provide the required discovery. When confronted with the repeatedly missed deadlines and inadequate responses, counsel expressed what the court perceived as an unapologetic attitude. Although it may be a harsh penalty, the district court did not abuse its discretion in dismissing the suit.

Evans additionally argues that she had adequately responded to Liberty Mutual's requests at the time of dismissal, and dismissal was therefore inappropriate. We disagree. At the October 20 status conference, Liberty Mutual explained that Evans failed to respond to six of Liberty Mutual's eight discovery requests, and Evans's counsel did not contradict this assertion. Then, after the district court warned counsel that continued non-compliance would result in dismissal, Evans provided additional discovery responses. These responses, however, were inadequate. For example, Liberty requested copies of "all utility bills, including but not limited to gas, electric, water and cable, and proof of payment for such utilities for the Premises from February 1, 2015, to the present." R. 22-1, PID 89. Evans's response to this request stated only "Enclosed please see," and did not specify what documents Liberty Mutual was supposed to "see." The response contained only one document pertinent to this request—a "Reminder Notice," dated December 14, 2015, from the City of Toledo Department of Public Utilities relating to an unpaid utility bill for the address. Neither the response nor the notice identified which utility and what time period the bill covered. Further, the response did not explain any steps taken by Evans to

locate responsive documents or why Evans lacked additional responsive documents. Evans's other responses were similarly inadequate.

## IV. Conclusion

For these reasons, we **AFFIRM** the district court's grant of Liberty Mutual's motion to dismiss for want of prosecution.