Jesus Mendoza MALDONADO,
Plaintiff–Appellant,

v.

THOMAS M. COOLEY LAW SCHOOL,
et al., Defendants–Appellees.

No. 02–2095.

United States Court of Appeals,
Sixth Circuit.

May 14, 2003.

Before BOGGS and DAUGHTREY, Circuit Judges; and OBERDORFER, District Judge.*

## ORDER

Jesus Mendoza Maldonado, a Texas resident proceeding pro se, appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Maldonado is a former student at Thomas M. Cooley Law School ("the law school"). He initiated this action in February of 1999, in the Southern District of Texas. On July 12, 1999, Maldonado filed a Second Amended Complaint in the United States District Court for the Southern District of Texas against the law school

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

and certain of its officers and directors. Maldonado sought recovery upon various state law claims as a result of the law school's refusal to confer a Juris Doctor degree upon him.

The district court in Texas dismissed Maldonado's claims against two of the defendants (MALDEF and Abreo). On June 28, 2001, the district court in Texas entered an order severing the case into two separate actions. Maldonado's claims against the remaining defendants were transferred to the United States District Court for the Western District of Michigan.

On February 8, 2002, the defendants filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), or in the alternative, motion to strike pursuant to Fed.R.Civ.P. 12(f). Maldonado responded. In addition, Maldonado filed a Fed.R.Civ.P. 41(a)(2) motion to voluntarily dismiss his state-law claims without prejudice. The district court denied both parties' motions in a memorandum opinion and order filed June 10, 2002.

On April 30, 2002, Maldonado unilaterally failed to appear for his deposition. The defendants filed a motion to compel Maldonado's deposition. The court granted the motion on June 5, 2002, and ordered that Maldonado's deposition be conducted during the week of June 17–21, 2002. The court expressly advised Maldonado that he faced Fed.R.Civ.P. 37(b)(2) sanctions, including possible entry of judgment for the defendants, if he failed to appear for his deposition. On June 10, 2002, the defendants' counsel telephoned Maldonado in an attempt to coordinate the deposition date as ordered by the court. Maldonado refused to supply any dates. Maldanado related that he would not be appearing for his deposition at any time during the week of June 17–21, 2002. On June 10, 2002, the defendants' counsel noticed Maldonado's deposition for Monday, June 17, 2002. Maldonado failed to appear for his deposition in direct violation of the district court's order. On June 21, 2002, the defendants filed a motion seeking entry of judgment in their favor pursuant to Fed. R.Civ.P. 37(b)(2).

In an opinion and order filed July 29, 2002, the district court discussed the factors identified by the Sixth Circuit as relevant to a ruling on the sanction of dismissal and found that all four were present in this case. Accordingly, the district court granted the defendant's motion for sanctions and dismissed the action.

On appeal, Maldonado challenges the district court's order denying his Fed. R.Civ.P. 41(a)(2) motion for voluntary dismissal of his state-law claims and the order dismissing his action pursuant to Fed. R.Civ.P. 37(b). He has filed a motion for sanctions and for oral argument.

We review for abuse of discretion a district court's ruling on a motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2). *United States v. One Tract of Real Prop.*, 95 F.3d 422, 425 (6th Cir.1996). "Rule 41(a)(2) allows a plaintiff to voluntarily dismiss a claim with permission of the court if the request is made after the defendant has filed an answer." *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541 (6th Cir.2001); *One Tract of Real Property*, 95 F.3d at 425 n. 5. In determining whether defendants would suffer plain legal prejudice, a district court should examine such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, plaintiff's explanation of the need for the dismissal and whether a motion for summary judgment has been filed by the defendant. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994).

■ Under the circumstances of this case, these factors weighed heavily against granting Maldonado's motion. Discovery in this matter was closed, with the notable exception of Maldonado's deposition. The defendants would have taken Maldonado's deposition on April 30, 2002, but for Maldonado's unilateral decision not to appear for his scheduled deposition. The defendants were almost certain to move for summary judgment after Maldonado's deposition was taken. Maldonado waited until after the defendants filed their motion for judgment on the pleadings to seek dismissal of his state-law claims. Maldonado's explanation for his need to dismiss the state-law claims was, at best, convoluted. Maldonado's purported state-law claims were inextricably intertwined with his purported federal claims. Thus, the defendants would have suffered legal prejudice if the district court were to grant Maldonado's motion. Accordingly, no abuse of discretion occurred here.

A district court's judgment dismissing an action under Fed.R.Civ.P. 37(b) for willful failure to cooperate in discovery is reviewed for abuse of discretion. *Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366–67 (6th Cir.1997). Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery. This court considers four factors in assessing the appropriateness of the district court's decision to dismiss a complaint:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon,* 110 F.3d at 366–67. The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988).

■ Upon review, we conclude that the district court did not abuse its discretion in dismissing this action after considering the four factors cited above. There is simply no doubt that Maldonado's discovery defaults have been willful and in bad faith. Further, the existence of prejudice is clear. Maldanado has completely thwarted the defendants' legitimate attempts to conduct discovery. Also, the district court repeatedly warned Maldanado that failure to appear for his deposition and to pay sanctions would result in the imposition of more severe sanctions, including entry of judgment for the defendants. Finally, lesser sanctions were considered. Indeed, the imposition of monetary sanctions was insufficient.

Accordingly, the motion for sanctions and for oral argument is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.