**Gregory WITTMAN, Plaintiff–Appellant,**

v.

**Robert WILSON; Peter Accica; Clay Hawthorne; Michael Passeri; International Union of Bricklayers and Allied Craftworkers Local 32, jointly and severally, Defendants–Appellees.**

**No. 03–1719.**

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

Gregory Wittman, Ypsilanti, MI, for Plaintiff–Appellant.

Nicholas R. Nahat, Novara, Tesija & Michela, Southfield, MI, for Defendants–Appellees.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

## ORDER

Gregory Wittman appeals a district court judgment that granted summary judgment for defendants in part and dismissed his complaint in part in this civil action filed under § 101(a) of the Labor–Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Wittman filed his complaint pro se in the district court, alleging that he was wrongfully removed from his union after he exercised his right to free speech during his campaign for a union office. On March 1, 2002, defendants first moved the district court to compel Wittman to submit to a deposition. Wittman responded in opposition to the motion to compel, but agreed to submit to a deposition and was ordered to do so following a hearing before the magistrate judge. Nonetheless, Wittman subsequently refused to submit to the deposition.

During discovery, Wittman filed a motion for a judgment on the pleadings, and defendants responded in opposition and moved for summary judgment. The magistrate judge recommended that both parties' motions be denied, and both parties filed objections. The district court accepted the magistrate judge's recommendation in part and rejected it in part, and granted summary judgment for defendants except with respect to Wittman's claim that defendants violated his free speech rights.

Ultimately, the magistrate judge recommended that Wittman's remaining claim be dismissed and that $6,008 in sanctions be imposed against Wittman for failure to comply with discovery orders. Over Wittman's objections, the district court adopted the magistrate judge's recommendation, dismissed the complaint, and imposed the recommended sanctions. Wittman filed a timely notice of appeal.

On appeal, Wittman contends that the district court improperly dismissed his complaint. Defendants respond that the district court properly granted them summary judgment in part, and properly dismissed plaintiff's complaint in part. In addition, Wittman has filed a motion to take superseding control over this case and to order the return of property seized from him to satisfy the district court's award of sanctions against him. Defendants have responded in opposition to Wittman's motion, and Wittman has filed a reply.

Generally, this court reviews de novo a grant of summary judgment. *Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991). The district court's judgment dismissing plaintiff's remaining claim un-

der Fed.R.Civ.P. 37(b) for willful failure to cooperate in discovery is reviewed only for an abuse of discretion. *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366–67 (6th Cir.1997). Upon consideration, we will affirm the district court's judgment for the reasons stated by the district court.

First, the district court properly granted summary judgment for defendants with respect to plaintiff's claim that defendants gave him inadequate notice of the disciplinary charges against him. Essentially, defendants asserted that plaintiff waived this claim because he did not appear at the scheduled union trial of which plaintiff was given notice. In response, the district court correctly noted that plaintiff made only belated and bald assertions that he arrived fifteen minutes late for the hearing and that no one was present. Under these circumstances, the district court properly granted summary judgment for defendants because plaintiff showed no more than a metaphysical doubt as to the existence of a genuine issue of material fact remaining for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In any event, this claim would have been subject to dismissal as a sanction for plaintiff's willful failure to cooperate in discovery.

Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery. This court considers four factors in assessing the appropriateness of the district court's decision to dismiss a complaint: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3)

whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon,* 110 F.3d at 366–67. Pre-dismissal warning of the sanction is pivotal to the determination of willfulness. *See Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988). Dismissal with prejudice "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 552 (6th Cir.1994).

Here, the district court did not abuse its discretion in dismissing this action after considering the four factors cited above. The magistrate judge detailed plaintiff's actions in this case, and those actions need not be detailed herein. However, there is no doubt that Wittman's efforts to thwart discovery were willful and in bad faith. Further, the existence of prejudice is clear because he undermined defendants' ability to defend this case. Also, the magistrate judge and district court repeatedly directed plaintiff to submit to a deposition and to otherwise provide discovery, and warned that sanctions including dismissal were possible. Finally, lesser sanctions imposed by the magistrate judge did not result in Wittman's cooperation in discovery. Accordingly, the district court did not abuse its discretion in dismissing plaintiff's remaining claim.

For the foregoing reasons, the motion for superseding control is denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C). Rules of the Sixth Circuit.