<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 18a0248n.06

**No. 17-6078**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CEIL WALKER NORRIS, in her role as co-trustee and beneficiary of the Walker Marital Trust #2, the Vernon Walker Trust for Cecilia Walker and The Vernon Walker Trust for Deloss Walker, as principal and Beneficiary of the Ceil Walker Rollover IRA; WALKER & ASSOCIATES, INC.; CEIL T. WALKER REVOCABLE TRUST, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **FILED**<br>May 22, 2018<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | )<br>) | |
| v. | )<br>) | **ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE** |
| MK HOLDINGS, INC., dba Regions Morgan: Keegan Trust Company; REGIONS FINANCIAL CORPORATION, | )<br>)<br>)<br>)<br>) | |
| Defendants-Appellees. | ) | |

BEFORE: GIBBONS, BUSH, and LARSEN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Ceil Walker Norris, individually and in her role as a trustee of several family trusts, and on behalf of her business, Walker & Associates, Inc., (individually and collectively "Walker") initiated this action against MK Holding, Inc. ("MK Holding") and Regions Financial Corporation ("Regions FC"), alleging that they breached their duties as trustees of the various family trusts by investing Walker's assets in certain bond funds and not withdrawing those investments when instructed to do so by Walker, resulting in financial loss. During the course of discovery, MK Holding and Regions FC filed two motions for sanctions and a motion to exclude expert testimony due to Walker's repeated violations of

discovery rules and court orders. The motions were referred to the magistrate judge, who recommended granting them and dismissing the suit as an appropriate sanction. Following an objection by Walker, the district court agreed, granting the motions, excluding the expert testimony, and dismissing the action. Because the district court was correct in finding that Walker repeatedly and flagrantly violated discovery rules and court orders and that the expert testimony should be excluded, and because it was not an abuse of the district court's discretion to dismiss the suit as a sanction for Walker's violations, we affirm.

I.

On September 10, 2002, Walker transferred various accounts from a non-party financial institution to Regions Morgan Keegan Trust, F.S.B. ("Regions MK Trust"), a wholly owned subsidiary of MK Holding, which is itself a wholly owned subsidiary of Regions FC. In July 2003, those accounts were invested in two bond funds, Regions Morgan Keegan Select High Income Fund and Regions Morgan Keegan Select Intermediate Bond Fund (the "RMK Funds"). Regions MK Trust was subsequently merged into Regions Bank on September 29, 2005, and all operations of Regions MK Trust became the operations of Regions Bank, which assumed all of Regions MK Trust's assets and liabilities. Regions Bank is also a wholly owned subsidiary of Regions FC.

Walker alleges that the RMK Funds were heavily concentrated in high-risk mortgage-backed securities, and, therefore, at the start of the housing crisis in 2007, the RMK Funds began to lose significant value. Walker further alleges that in July 2007, she met with two Regions Bank trust officers, and after learning that the RMK Funds had lost approximately $30,000 in value, instructed them to sell the RMK Funds to minimize further loss. Regions Bank, however,

only began selling the RMK Funds in August 2007 and did not sell Walker's entire share until October 2007, with total losses of approximately $500,000.

Walker initiated the present action on December 1, 2008, alleging MK Holding and Regions FC had breached their duties as trustees by first investing in and then delaying in selling the RMK Funds. On July 10, 2009, the case was consolidated into the Multidistrict Litigation *In Re: Regions Morgan Keegan Securities, Derivative and Employment Retirement Income Security Act (ERISA) Litigation*.

On February 5, 2016, the defendants served Walker with their First Interrogatories, Requests for Production of Documents, and Requests for Admissions. Under Federal Rule of Civil Procedure 33, Walker's responses to the discovery requests were due on March 7. Walker, however, failed to respond by the deadline. On March 11, the defendants sent Walker's counsel a letter notifying Walker that the Requests for Admissions were deemed admitted due to her failure to respond and asking her to respond to the Requests for Production and Interrogatories by March 28. Walker did not respond to that letter nor did she respond to a subsequent letter on March 31 again asking for discovery responses.

A status conference was held on April 4, during which the district court directed the parties to exchange additional discovery by April 18. Walker, however, failed to provide any responses by the court's deadline.

On April 25, the defendants sent Walker's counsel a third letter via email seeking the past-due discovery responses and stating that if she did not respond they would file a motion to compel. On May 5, Walker provided her first responses to the interrogatories and some responsive documents but did not provide any written response to the Requests for Production. On May 23, the defendants sent a fourth letter pointing out deficiencies in Walker's answers and

production and asking her to produce additional documents by May 27. Walker did not respond to this letter.

On May 31, the defendants' counsel contacted Walker's counsel over the phone in an attempt to resolve the various discovery issues. During the call, Walker's counsel agreed to produce written responses to the defendants' Requests for Production and to produce additional responsive documents. On June 8, Walker finally provided responses to the defendants' Requests for Production, but even these responses were deficient.

Between June 9 and June 28, Walker's pattern of intransigence continued. During that time, the defendants' counsel sent numerous emails and had several phone calls with Walker's counsel in an effort to obtain additional responsive documents and answers to interrogatories to which Walker had objected. When these efforts proved fruitless, on June 28, the defendants filed a motion before the district court to compel Walker to respond. Walker did not respond to the motion, which was subsequently granted on July 21. In granting the motion, the district court ordered Walker to "(1) produce responsive documents to each of Defendants' Requests for Production or to confirm in writing that, following a good faith search, no responsive documents exist; and (2) provide Defendants with the information sought in Defendants' Interrogatories Nos. 22 & 23" by August 4. DE 67, Order Granting Mot. to Compel, Page ID 1036. The order concluded that Walker is "warned that, henceforth, failure to comply with proper discovery requests, discovery obligations, or orders of this court will lead to dismissal of the complaint." *Id.*

On August 2, Walker produced additional documents to the defendants. Walker did not, however, comply with the order to provide written confirmation that she had conducted a good faith search and produced all responsive documents or the order to provide written responses to

Interrogatories Nos. 22 & 23. On August 17, the defendants deposed Walker. During the deposition, Walker and her counsel acknowledged possessing certain documents relating to her late husband's will that from her testimony appeared to be responsive to the defendants' requests. But they claimed these documents had not been produced because Walker's counsel "didn't realize [the defendants] asked for [them]." DE 80-2, Walker Dep., Page ID 1380. Following the deposition, the defendants filed the first of their motions for sanctions, citing Walker's failure to comply with discovery rules and failure to comply with the district court's order compelling discovery.

Walker similarly failed to provide timely notice for her expert evidence. Pursuant to the district court's Discovery Scheduling Order, Walker's deadline for disclosing Rule 26(a)(2) expert information was August 16, 2016. Walker did not provide any expert disclosures by this date. On September 16, 2016, the deadline under the Discovery Scheduling Order for the defendants to disclose Rule 26(a)(2) expert information, the defendants served Walker with an expert report. Approximately one month later, on October 14, Walker served the defendants with an expert report identified as "rebuttal testimony" to the report served by the defendants. In response, the defendants filed a motion to exclude the report and testimony of Walker's expert on the grounds that it was not timely served under the Discovery Scheduling Order; that it did not comply with Federal Rule of Civil Procedure 26(a)(2)(B) because it failed to list, among other requirements, the expert's qualifications, the data he relied on, or a statement of his compensation; and that it did not meet the requirements for admissible expert testimony under Federal Rule of Evidence 702.

On December 6, 2016, the district court entered a scheduling order setting trial to begin on April 17, 2017. Accordingly, under Federal Rule of Civil Procedure 26(a)(3), the parties

were required to disclose any exhibits or witnesses they intended to present at trial at least 30 days before trial—March 20, 2017. Notably, on the same day it entered the scheduling order, the district court also entered a Setting Letter in which it reminded the parties that they were "expected to have complied with Federal Rule[] of Civil Procedure 26(a)(3)[] on pretrial disclosures." DE 86, Setting Letter, Page ID 1759. The defendants timely disclosed their witness and exhibit lists by the deadline. Walker, however, did not serve her witness and exhibit lists until March 30—ten days late and only two business days before the deadline for filing motions in limine. Thereafter, on April 3, 2017, the defendants filed their second motion for sanctions, citing Walker's failure to comply with Rule 26(a)(3) and failure to comply with the December 6 Scheduling Order.

At a status conference on April 7, 2017, the district court reset the trial date and referred the pending motions for sanctions and motion to exclude to the magistrate judge. The magistrate judge submitted a Report and Recommendation on April 28, 2017, recommending the district court grant all three motions and, as an appropriate sanction, dismiss the case. The district court adopted the magistrate judge's recommendations and, over Walker's objections, granted the defendants' motions and dismissed the case. Walker timely appealed the decision to this court.

## II.

This court reviews a district court's decisions regarding discovery matters for an abuse of discretion. *United States v. $174,206.00 in U.S. Currency*, 320 F.3d 658, 663 (6th Cir. 2003). A district court's decision to invoke Rule 37 sanctions is likewise reviewed for an abuse of discretion. *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994). A decision to exclude expert testimony is also reviewed for an abuse of discretion. *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011). "A district court abuses its discretion if it bases its ruling

on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Ky. Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 588 F.3d 908, 915 (6th Cir. 2009) (quoting *Brown v. Raymond Corp.*, 432 F.3d 640, 647 (6th Cir. 2005)). Under the abuse of discretion standard, this court "will reverse an evidentiary decision only where [it is] left with a definite and firm conviction that [the district court] committed a clear error of judgment." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008) (second alteration in original) (internal quotation marks omitted).

III.

On appeal, Walker argues that the district court abused its discretion in three ways: first, by finding that her actions during discovery were in violation of Federal Rules of Civil Procedure 26(a)(3), Rule 37(d), and Rule 37(b); second, in dismissing her suit as a sanction for those violations; and third, in precluding her proffered expert testimony. For the reasons addressed below, we find all of Walker's arguments unpersuasive and affirm the district court's order.

A.

Walker first contends the district court abused its discretion in finding she violated Federal Rules of Civil Procedure 26(a)(3), 37(b), and 37(d) because all three findings relied on erroneous findings of fact, applied the wrong legal standard, misapplied the correct legal standard when reaching a conclusion, or made clear errors of judgment. We disagree.

1.

Federal Rule of Civil Procedure 26(a)(3) requires parties in litigation to disclose: (1) the name and address of each witness the party expects to present and those it may call if the need arises; and (2) an identification of each document or exhibit in its possession that the party expects to offer and those it may offer if the need arises. Fed. R. Civ. P. 26 (a)(3)(A) (i) & (iii).

"Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). A court may impose sanctions for noncompliance with this rule, including dismissal. Fed. R. Civ. P. 37(c)(1)(C).

The district court's December 6, 2016 Scheduling Order set trial to begin on April 17, 2017. Consequently, under Federal Rule of Civil Procedure 26(a)(3), the parties were required to disclose any exhibits or witnesses they intended to present at trial by March 20, 2017. Walker, however, did not serve her witness and exhibit lists until March 30—ten days after the deadline. Accordingly, she violated Rule 26(a)(3).

Citing the "[u]nless the court orders otherwise" language of the rule, Walker argues she did not violate Rule 26(a)(3) because in the December 6 Scheduling Order, the district court directed the parties to submit a joint pretrial order by March 31, 2017, and that such a pretrial order "should include any . . . list of witnesses and exhibits." CA6 R. 15, Appellant Br., at 29; DE 87, Scheduling Order, Page ID 1761–62. Therefore, Walker argues she reasonably interpreted the December 6 Scheduling Order as modifying the deadline provided under the rule.

Nothing in the December 6 Scheduling Order, however, indicates that the district court was modifying the Rule 26(a)(3) deadline for witness and exhibit lists. The court was instead merely ordering the parties to provide *the court* with a joint pretrial order by March 31, 2017, that included the witness and exhibit lists they were to have already provided each other by March 20. Moreover, even if Walker's strained reading of the December 6 Scheduling Order could be considered reasonable on its own, the district court also entered a Setting Letter on the same day as the December 6 Scheduling Order in which it reminded the parties that they were "expected to have compiled with Federal Rule[] of Civil Procedure 26(a)(3)[] on pretrial disclosures," which "requires disclosures of witnesses, deposition testimony, and exhibits . . . to

the opposing counsel thirty days before trial." DE 86, Setting Letter, Page ID 1759. Therefore, when viewed in the context of the district court's other instructions, Walker could not have reasonably viewed the December 6 Scheduling Order as modifying the 30-day deadline in Rule 26(a)(3), and she violated that rule when she did not present the defendants with her witness and exhibit lists until ten days after that deadline had passed. Accordingly, the district court did not abuse its discretion in finding a Rule 26(a)(3) violation.

2.

Federal Rule of Civil Procedure 37(b)(2) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part."

Following a period of repeated failure and delay in providing discovery responses, Walker was ordered by the district court on July 21, 2016, to "(1) produce responsive documents to each of Defendants' Requests for Production or to confirm in writing that, following a good faith search, no responsive documents exist; and (2) provide Defendants with the information sought in Defendants' Interrogatories Nos. 22 & 23" by August 4, 2016. DE 67, Order Granting Mot. to Compel, Page ID 1036. Walker did provide some documents on August 2, but she nevertheless failed to provide written confirmation that she had conducted a good faith search and produced all responsive documents and also failed to provide written responses to Interrogatories Nos. 22 & 23. As a result, she failed to comply with the district court's order and violated Rule 37(b).

Walker argues that she did not violate the July 21, 2016 order because she did provide some responsive documents and the order did not require her "to *also* provide a written certification that no additional documents existed," she had already previously answered

Interrogatory No. 22, and her counsel orally communicated the relevant information about Interrogatory No. 23 to the defendants' counsel "in August 2016." CA6 R. 15, Appellant Br., at 39–46. None of these arguments, however, show compliance with the district court's July 21, 2016 order.

First, contrary to Walker's framing of the order, the district court did not instruct her to either produce some responsive documents or provide written confirmation but rather instructed her to provide responsive documents or written confirmation "to each of Defendants' Requests for Production." DE 67, Order Granting Mot. to Compel, Page ID 1036. But Walker does not even assert that her production responded to each request, and, as pointed out by the defendants and the district court, her responses on August 2 did not include production for many of the requests. This point is perhaps best illustrated by the fact that Walker later produced several responsive documents for the first time on November 16, 2016.

Walker's arguments regarding the interrogatory answers are equally spurious. In ordering Walker to "provide Defendants with the information sought in Defendants' Interrogator[y] No[]. 22," the district court had necessarily determined that Walker's prior response to that interrogatory was insufficient, preventing Walker from relying on that prior insufficient response in order to comply with the court's order.[1] Regarding Interrogatory No. 23, Federal Rule of Civil Procedure 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully *in writing under oath*." (emphasis added). Therefore, the alleged oral communication by Walker's counsel, even if true, could not have adequately answered the defendants' interrogatory or complied with the July 21, 2016 order.

---

[1] Interrogatory No. 22 asked Walker to "[i]dentify any and all recoveries Plaintiffs have made and the amount of money Plaintiffs have received from any Defendant, any brokerage firm, the State or SEC Fair Fund or any other source as a result of Plaintiffs' investments in the RMK Funds." DE 121-2, Answers to First Set of Interrogs., Page ID 2773. Walker's prior inadequate answer stated: "Plaintiff believes she may have and is in the processes of trying to determine whether she in fact did and, if so, the amount." *Id.*

Accordingly, the district court did not abuse its discretion in finding Walker had violated the district court's discovery order and was consequently in violation of Rule 37(b).

3.

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the court may, on motion, order sanctions if "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Rule 33 requires a responding party to "serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2); *see also* Fed. R. Civ. P. 6(a)(1)(C) (extending the deadline to the next day if, as was the case here, the 30th day is a Sunday). Possible sanctions for a Rule 37(d) violation include dismissal of the action. Fed. R. Civ. P. 37(d)(3) (cross-referencing Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi)).

The defendants served Walker with their First Interrogatories on February 5, 2016. Therefore, under Federal Rule of Civil Procedure 33, Walker's responses to these interrogatories were due on March 7. However, not only did Walker fail to respond by the March 7 deadline, but—despite three follow-up letters from the defendants requesting a response and direction from the district court to respond earlier—she failed to provide any response until May 5, almost two months later. And even when Walker did respond, her initial response on May 5 was clearly insufficient because it failed to provide a response or valid objection to Interrogatories Nos. 22 and 23. Therefore, Walker violated Rule 37(d).

Walker argues that she did not in fact violate Rule 37(d) because such a violation occurs only when a party fails to respond, not when it fails to timely respond. This argument, however, has no legal basis and requires ignoring Rule 33, which provides the appropriate deadline by which a party must serve its answers, objections, or written response, and is therefore baseless.

*See* Fed. R. Civ. P. 33(b)(2). Accordingly, the district court did not abuse its discretion in finding Walker had violated Rule 37(d) in failing to respond to the defendants' interrogatories by March 7.

B.

Walker contends that even if she did violate the Federal Rules of Civil Procedure, the district court nevertheless abused its discretion in dismissing her suit as a sanction for those violations. We again disagree.

Under Federal Rule of Civil Procedure 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part." *See also* Fed. R. Civ. P. 37(d)(3) (permitting dismissal as a sanction for failure to follow discovery rules). Courts consider four factors when determining whether dismissal is an appropriate sanction for failure to comply with discovery obligations:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate would lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997) (internal quotation marks and citation omitted). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (alteration in original) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, the magistrate judge articulated and applied these *Harmon* factors in concluding dismissal was an appropriate sanction, and the district court analyzed Walker's claims under these factors before adopting the

magistrate's recommendation. We agree with the district court and find all four factors favor dismissal as an appropriate sanction here.

Regarding the first factor, for a party's failure to cooperate in discovery to be motivated by willfulness, bad faith, or fault, it must be done with "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Here, there is a clear pattern of willful failure to comply with discovery rules and orders from the district court. As detailed above, Walker failed to provide any response whatsoever to the defendants' February 5, 2016 discovery requests until May 5—two months after the March 7 deadline for such responses. This delay occurred despite three unanswered letters from the defendants requesting the information and reminding Walker of the missed deadline as well as an explicit instruction from the court to provide this overdue information by April 18. Moreover, Walker's May 5 responses were patently inadequate, and it took another letter and phone call from the defendants' counsel to receive additional responses over a month later on June 8, which were still insufficient. Then, for an additional three weeks, the defendants' counsel repeatedly sent unanswered emails and spoke over the phone with Walker's counsel in an attempt to obtain the requested information to no avail, prompting the defendants to file their motion to compel on June 28, which also went unanswered. Even after this motion was granted and an order entered on July 21 compelling Walker to respond fully to the defendants' requests, Walker—in contravention of the order—still failed to provide a sufficient response to all of the defendants' requests, leading to their first motion for sanctions. Accordingly, over a period of approximately six months, Walker repeatedly failed to comply

with court orders and with the Federal Rules of Civil Procedure and ignored numerous attempts by the defendants to obtain the requested discovery materials.

Walker attempts to sidestep this reckless disregard for judicial proceedings by glossing over four-and-a-half months of intransigence with the claim that she had provided some discovery before the district court's July 21, 2016 order, and that "[a]fter the Order of July 21" she was "not disobedient." CA6 R. 15, Appellant Br., at 48. She conveniently ignores, however, that this pre-July 21 discovery was insufficient and untimely and that she did, in fact, disobey the July 21, 2016 order. Walker also tries to draw a distinction between this case and *Harmon* by arguing that dismissal is only appropriate when a party completely withholds discovery, not when it is merely late. But in *Harmon*, the plaintiff answered the discovery requests but was still sanctioned with dismissal because—just as is the case here—those answers were late, "inadequate[,] and improper." *Harmon*, 110 F.3d at 365. Accordingly, Walker's untimely and insufficient responses here demonstrate "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings," *Wu*, 420 F.3d at 643, and this factor weighs in favor of dismissal.

Regarding the second factor, a defendant is prejudiced by discovery violations when it is "unable to secure the information requested," *Harmon*, 110 F.3d at 368, and "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide," *Schafer*, 529 F.3d at 739 (alteration in original) (quoting *Harmon*, 110 F.3d at 368). Here, the defendants' counsel was compelled to call Walker's counsel repeatedly and to draft approximately a dozen letters and emails in addition to a motion to compel and three separate motions to extend discovery all in an effort to obtain its requested discovery information in time for trial. Despite these efforts, Walker's delays and noncompliance still necessitated postponing

the trial. Accordingly, Walker's conduct has cost the defendants significant time and money and delayed the progression of the case.

Walker contends that because the defendants now have the requested information and the case is ready to proceed to trial, no significant prejudice occurred and dismissal at this late stage would be an extreme response. She also argues that the court should consider the defendants' "dilatory conduct," pointing primarily to notes from a meeting that were taken by one of the defendants' witnesses and that were never produced. The first argument, however, appears to be nothing more than a request that this court ignore the second *Harmon* factor and determine that the prejudice the defendants suffered in wasted time and money was not significant. But Walker provides no reason for finding that the district court abused its discretion in determining that the burden of this extra time and expense weighed in favor of dismissal. The second argument—that the court should consider the defendants' own conduct in discovery—was not raised in response to the motions for sanctions and is therefore waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) (collecting cases holding that issues raised for first time in objections to magistrate judge's report and recommendation are deemed waived); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (noting the "apparent waiver" in failing to raise a challenge before objections to a magistrate judge's report and recommendation). Notably, Walker also never appears to have objected to any of the defendants' discovery conduct before the district court. Therefore, the second factor weighs in favor of dismissal.

Regarding the third factor, Walker does not dispute that she was warned about the possibility of dismissal for further discovery violations in the court's order granting the defendants' motion to compel. Accordingly, that factor weighs in favor of dismissal.

15

Regarding the fourth factor, whether less drastic sanctions were considered, the magistrate judge's report and recommendation clearly considered the imposition of a lesser sanction before concluding dismissal was appropriate. The magistrate judge found that less drastic sanctions would not "cure the harm" of Walker's "repeated failure to move this case forward by ignoring deadlines and disregarding the Court's Order," her "failure to cooperate throughout the discovery process," and her "failure to respect the Orders and deadlines set in this case," which "have resulted in wasted time, shortened deadlines for [the] Defendants, and a re-set trial." DE 118, R. & R., Page ID 2719. The magistrate judge also noted the lack of improvement in Walker's conduct even after being warned of dismissal as weighing against the possible effectiveness of a lesser sanction. The district court likewise cited the magistrate judge's findings favorably and, after noting that Walker "d[id] not offer any justification for [her] pattern of delay and nondisclosure" or "suggest what lesser sanction would be appropriate," determined that the fourth factor weighed in favor of dismissal. DE 124, District Court Order, Page ID 3086. Even now on appeal, Walker offers no justification for her actions or suggestion of what other lesser sanction could possibly be appropriate, merely claiming without any elaboration that "[t]here were any number of lesser sanctions available to the District Court," and "there is no indication that a less drastic sanction would have failed." CA6 R. 15, Appellant Br., at 57. Given the failure of the district court's warnings and the defendants' numerous requests to improve her conduct, however, there is ample indication that lesser sanctions would have failed. Accordingly, we find lesser sanctions were considered before the imposition of dismissal, and this fourth factor also weighs in favor of dismissal.

Because all four *Harmon* factors favor dismissal as an appropriate sanction for Walker's conduct, it was not an abuse of discretion for the district court to dismiss this case.

16

C.

Walker also contends that the district court abused its discretion in excluding the testimony of her expert, claiming such testimony was not untimely disclosed because it was offered merely as rebuttal testimony to the defendants' expert. But this testimony—which does not respond to the analysis or conclusions of the defendants' expert—cannot properly be classified as "rebuttal testimony," and, even if it could, the disclosed testimony was still otherwise inadequate because it failed to comply with the disclosure requirements in Federal Rule of Civil Procedure 26(a)(2)(B). Regardless of these problems, however, because we affirm dismissal of the suit as a proper discovery sanction, this issue is moot.

IV.

For the above reasons, we affirm the district court's order dismissing the case.